**James Lawrence YOUNG, Appellant,**

v.

**Laura Lee YOUNG, Appellee.**

**No. 20110.**

Court of Civil Appeals of Texas, Dallas.

Jan. 2, 1980.

Rehearing Denied Feb. 28, 1980.

Dan Hennigan, Houston, for appellant.

Charles H. Robertson, Robertson & Wilkinson, Inc., Dallas, for appellee.

Before AKIN, CARVER and HUM-PHREYS, JJ.

CARVER, Justice.

Husband appeals from a part of a divorce decree making a division of the parties' estate and assessing the wife's attorneys fees to the husband. We reverse and remand the division of the estate of the parties because the trial court erroneously considered (1) the needs of a disabled adult son in making the division and (2) the fault of the husband in causing the termination of the marriage.

The evidence shows that the parties were married in 1942 and separated in 1970. Two children were born to the marriage and both were past the age of 18 when this suit was filed in 1975. The husband testified that he was earning about thirteen thousand dollars a year, and the wife testified she was earning about five thousand dollars a year. The only significant item of community property possessed by the parties was the prospective enjoyment of two pension plans arising from the husband's long term employment by Kentron Incorporated and from the husband's active and reserve duty with the United States Navy. The trial court awarded 70% of the pensions to the wife and 30% of the pensions to the husband, plus an additional monetary judgment to the wife against the husband in the amount of ten thousand dollars. The testimony of a witness from Kentron Incorporated gave the private pension's prospects as commencing, at the earliest, in 1985 with an amount payable then of $255.20 for the remainder of his life. The prospects of the Navy pension were described by husband as commencing, at the earliest, in 1983 and the amount payable then as less than $200 per month for his life.

■ The wife urges that we affirm the judgment of the trial court on the ground that Tex. Fam. Code Ann. § 3.63 (Vernon 1974) provides: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party *and any children of the marriage*." [Emphasis added.] She argues that the term "any children," as used in section 3.63, is not limited to children under 18, and that the trial court was justified in considering the disabled adult son's residency with her in awarding to her the particular division of pensions and the money judgment. We cannot agree. Section 3.63, and its antecedent statutes, have been a part of the Texas

law of divorce since 1841. Before 1935 there was no statutory authority for the divorce court to provide directly for the support of minor children, and the emphasized language quoted above was construed by our courts to allow disparate division of community property according to the future need of the spouses and the minor children. *See Red v. Red,* 552 S.W.2d 90 (Tex.1977); *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Liddell v. Liddell,* 29 S.W.2d 868 (Tex.Civ.App.-San Antonio 1930, no writ).

In 1935, the legislature for the first time authorized divorce courts to inquire into the financial circumstances of the family and to directly order child support *in the decree.* The 1935 act was codified as article 4639a and provided that divorce courts could order support for a child until age sixteen. The age limit was revised in 1953 to age eighteen. In 1961 the legislature added article 4639a–1 which provided that the divorce court was authorized to provide support for *physically* or *mentally* disabled children *whether a minor or not.* When these acts were codified in the Texas Family Code in 1974 as section 14.05, the legislature omitted the phrase "whether a minor or not." In *Red v. Red, supra,* our supreme court held that "The adoption of these materially different provisions indicates legislative intent to change or clarify the previous law so that it could not be originally invoked on behalf of mentally or physically handicapped adults." 552 S.W.2d at 94. We conclude that section 14.05 as construed in *Red v. Red, supra,* cannot *directly* justify support of these parties' adult disabled son by order of the divorce court nor *indirectly* justify support disguised as a disparate division between husband and wife.

The wife argues that, if the disparate division cannot be affirmed as "just and fair" because of the disabled adult son residing with her, nevertheless, a disparate division was "just and fair" because of the trial court's finding of "fault" on the part of the husband in causing the divorce. We cannot agree. Section 3.63, as well as its predecessor statutes back to 1841, contains no word or words warranting the imposition of either a penalty or a forfeiture on either

party to a divorce action for "fault." We are not cited to, nor have we found, a case wherein our supreme court has given the statute such a construction. The wife cites *Haggard v. Haggard,* 550 S.W.2d 374 (Tex. Civ.App.-Dallas 1977, no writ) in support of her position. In *Haggard,* however, while this court acknowledged that some courts of civil appeals had apparently held that "fault" was a factor to be considered in making a division, fault had not been shown in the record nor did it appear that fault was the basis of the division made by the trial court. The authority cited by this court in *Haggard* was *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.-Houston [1st Dist.] 1974, no writ). In *Cooper,* the court relied upon *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App.-Amarillo 1966, no writ). In *Hooper,* the court in turn relied upon *Duncan v. Duncan,* 374 S.W.2d 800 (Tex. Civ.App.-Eastland 1964, no writ). In *Duncan,* no authority is cited for the *ipse dixit* ruling that "fault" is a factor to be considered in making a division of the parties' estate.

 "Fault" as a factor to be considered in property division upon divorce of spouses is unsatisfactory for at least two reasons. First, the charge of the statute to the trial judge is that the division be "fair and just" and supreme court adds "having due regard . . . to the probable future necessities" of the spouses. *See Hedtke v. Hedtke, supra.* Should "fault" also be considered, it would deny one spouse probable future necessities and give the other spouse an excess. This lopsidedness, great or small, cannot be "fair and just" nor in fact equate to the "probable future necessities" of either spouse. Second, "fault", when sought to be employed to justify a division of property, seems to be urged as against only *one* of the spouses when, in the reality of human nature, fault must lie with both spouses in a divorce situation varying only in degree. In *Liddell, supra,* Judge Smith writes:

We have omitted a recital of numerous incidents, acts, words, and attitudes

which brought about the separation of the parties, and steadily and surely widened the gulf between them. Those recited and those omitted constitute a long period of nagging, of bickerings, of poutings, of spiteful words and acts, many of which, taken separately, were of themselves of no consequence, but all of which, taken together, have destroyed all the mutual affection and respect each party felt for the other in earlier days. Appellee is by no means blameless for the tragic termination of the marital venture, . . . . .

29 S.W.2d at 871. We see no usefulness in arriving at a fair and just division to require a trial judge to assess each and every bicker, nag and pout, as well as greater faults, of each spouse. To the contrary, we anticipate that in doing so there is even less likelihood that the division will be "fair" or "just" or, in fact, provide for the spouses' "probable future necessities." We hold that "fault" may not be considered in dividing the community estate of the parties. In so holding, we expressly disagree with *Duncan, supra*, and other cases reaching a similar conclusion. It follows that "fault" cannot be considered to justify the disparate division of the estate of the parties before us. Our holding does not prevent the trial court from requiring each spouse to account for the estate of parties which may have been secreted or fraudulently transferred in order that the true estate may be determined before it is "fairly and equitably" divided by the decree.

Our supreme court has clearly stated that the trial court has wide discretion in making a division of the community estate, and that this discretion will not be disturbed unless a clear abuse is shown. *Bell v. Bell*, 513 S.W.2d 20, 21 (Tex.1974). In *Bell*, the court relied upon the cases of *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923) and *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.-Amarillo 1973, writ dism'd). In *Hedtke*, the trial court was admonished "to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the *probable future nec-*

*essities* of all concerned." 248 S.W. at 22 [Emphasis added.] In *McCurdy*, the court held that it was not an abuse of discretion for the trial court to consider "the comparative business opportunities and capabilities and employment prospects of the parties involved, the health of the wife and the welfare of the minor child, together with all of the surrounding circumstances and the various equities involved" in making an unequal division of the community property belonging to the parties. 489 S.W.2d at 719. These expressions of our supreme court, made or adopted, must be the only guide for the division of property between spouses.

We hold that the trial court abused its discretion in making the division of the pensions and in awarding to the wife a ten thousand dollar judgment because: (1) It was made in consideration of the residency of a disabled adult son with the wife and (2) it took into consideration the "fault" of the husband. Accordingly, the judgment is reversed and remanded.