John Samuel MURFF, Appellant,

v.

Wanda Faye MURFF, Appellee.

No. 20221.

Court of Civil Appeals of Texas, Dallas.

May 21, 1980.

Rehearing Denied June 18, 1980.

Robert L. Dillard, III, Robert E. Hager, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Vincent R. Kirst, Dennis G. Brewer, Inc., Irving, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

This is a divorce case in which the husband appeals, claiming that the trial court made an inequitable division of the community estate of the parties. We hold that the trial court abused its discretion in the division of the parties' estate (1) in giving consideration to "fault" of a spouse to justify a disparate division; (2) in giving consideration to disparity of "income" between spouses instead of considering a disparity of "need" between spouses; (3) in failing to consider an award of attorney's fee to the wife against the husband as an element of the court's division; (4) in failing to declare the identity of separate property and fix any charge thereon in favor of the community; (5) in failing to evaluate correctly the pension plans, or other postponed enjoyment programs, held by either spouse before attempting to make a "just and right" division, and (6) in failing to *divide* the spouses' property and in imposing an inequitable money judgment in lieu of division. Consequently, we reverse and remand for new trial the issue of property division between the spouses.

Our record reflects that the parties were married 22½ years and had raised one daughter who was 21 at the time of trial. The wife was 46 and the husband was 47 by the time of the divorce. Both spouses had worked full time during their marriage. The wife's take-home pay at the time of the divorce was $927 per month while her husband's take-home pay was $1,350 per month. The wife did not have a pension plan at her place of employment but did have a profit sharing plan plus an annuity. The husband had a pension plan at his place of employment but no profit sharing plan. The husband claimed some separate property, but his wife claimed that the community had a charge thereon for community funds expended. The community had accumulated a homestead with its furnishings, other real property, an automobile, a boat and other personalty. The parties were not in great dispute as to the value of many of the items in their estate. According to the findings of the trial court, the husband received, in the division of the community estate, the value of $73,600 plus a separate estate of $30,000. Of the $73,600 of community property awarded to him, $58,700 was represented by the husband's *prospective* retirement benefits. These same findings reflect that in the division of the community estate, the wife received the value of $78,901 including a money judgment against husband for $7,500 but *not* including $8,500 attorney's fee also awarded against the husband. The wife's benefits at her place of employment were awarded her at the current value of $8,000.

### "Fault" Affecting Division

■ The trial court found that the husband was at "fault" in the divorce and concluded as follows:

5. That the Court had discretion to make an unequal division of the property up to sixty-five percent (65%) to Petitioner and thirty-five (35%) percent to Respondent, excluding separate real estate of the Respondent by reason of proof that the great weight of the fault fell on the Respondent, reference being made to community property only.

In *Young v. Young*, 594 S.W.2d 542 (Tex. Civ.App.—Dallas 1980, *writ filed*), this court examined Tex.Fam.Code Ann. § 3.63 (Vernon 1974) which authorizes a division of the estate of parties upon divorce as well as the construction given to this section by Texas courts. We concluded that a "just and right" division could not be based in part upon valid considerations and in part upon the exaction of a penalty or forfeiture from a spouse at "fault" in favor of the other spouse. The trial court's findings show the imposition upon one spouse of a disparate division because of fault, although the degree of the penalty awarded cannot be ascertained from the record. We hold that the division between the spouses in this case is manifestly unjust because consideration was given to "fault" in making the division.

*Disparity of Income Affecting Division*

■ The record reflects that each spouse had worked throughout the marriage and that their present places of employment had remained unchanged for a substantial period of time. At the time of the divorce, the wife's take-home pay was $927 per month and husband's take-home pay was $1,350 per month. Among other conclusions of law, the trial court found as follows:

6. That the Court had discretion to make an unequal division of the community property of the parties and excluding the separate real estate of the Respondent up to sixty-five percent (65%) to the Petitioner and thirty-five (35%) percent to the Respondent by reason of the proof there was a considerable *disparity in the earning capacity* of the parties, the greater capacity being that of the Respondent. [Emphasis added.]

In *Young, supra*, we pointed out that since 1841 the legislative directive for division of property upon divorce has been "just and right." We also pointed out that our supreme court has held that "just and right" is accomplished by a division of property "having due regard to the probable future *necessities* of the spouses." *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W.2d 21, 22

(1923). The Texas Supreme Court in *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974) [adopting with approval a court of civil appeals holding *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd)], held that it was not an abuse of the trial court's discretion to consider the "comparative business opportunities and capabilities and employment prospects of the parties involved" to determine the probable future *necessities* and thus make a just and right division. We cannot perceive, from the legislative standard, or the court's construction thereof, any discretion on the part of the trial court to cure mere disparity of income between spouses. A spouse in necessitous circumstances may also be said to have a "disparity of income," but it is only the cure of the *necessitous circumstances*, not disparity, that the trial court may address. Mere disparity, when both spouses earn substantial, but not equal, incomes does not justify intervention by the court. In our case, the spouse with a monthly take-home pay of $927 has not shown in the record that she is in necessitous circumstances justifying a disparate division as a cure. We hold that the division between the spouses in this case is manifestly unjust because consideration was given to "disparity of income" rather than to the respective "necessities" of the spouses.

*Attorney's Fees Affecting Division*

■ The trial court also found as follows: "7. That the Court had jurisdiction and discretion to award Dennis G. Brewer [the wife's attorney] $8,500.00 attorney's fees for his professional services to the Petitioner and against the Respondent under the evidence." The trial court separately filed additional findings which set out the properties awarded each spouse, together with a value assigned to each property. Neither the original, nor the additional findings, treat the award of the attorney's fee as an item considered in the division and thus a factor in achieving a "just and right" division between the spouses. In *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950), our supreme court answered the following

certified question from the El Paso Court of Civil Appeals: "Did we err in holding on rehearing that the attorney's fee charged by the trial court solely against the defendant's interest in the community estate was as a matter of law chargeable against the community estate as a whole?", to which the court answered "yes." The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. In *Carle* the court stated:

> As we view the problem, it is not a correct approach to its solution to classify the wife's attorney's fees as a necessity, and then apply the rule that necessities are primarily the obligations of the community and secondarily of the husband's separate estate. . . . In practical effect, a decree that the husband pay all of the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, but that alone does not condemn it.

234 S.W.2d at 1005. It is not clear what view was entertained by the trial court, but it is clear that an attorney's fee of $8,500 was awarded; that one spouse paid it while the other spouse benefited; that both spouses had substantial means as a result of the division of their estate; and that this sum was neither debited or credited to the community estate in reaching a "just and right" division. We hold that the division between the spouses in this case is manifestly unjust because an attorney's fee imposed by the court was ignored in making an equitable division of the estate.

We note that there is no statutory authority for an assessment of an attorney's fee. Cases allowing an assessment prior to *Carle* are generally based on the theory that an attorney's services to the wife, in a divorce proceeding brought by her in good faith, are a "necessity" for which the community is primarily liable and for which the husband's separate estate is secondarily liable. This theory was rejected in *Carle* which directed that a reasonable attorney's fee, if awarded, was to be treated as another item in the equitable division between

the spouses. The expense of representation in a divorce case is a serious matter to both spouses. Furthermore, the source of payment for both spouses' attorneys must be the community and separate estates that each spouse possesses. The trial court, in its discretion, must make a "just and right" division with reasonable and necessary attorney's fees burdening each spouse as a factor to be considered. *See Brown v. Brown*, 520 S.W.2d 571 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Smith v. Horton*, 485 S.W.2d 824 (Tex.Civ.App.—Texarkana 1972, writ dism'd).

■ Moreover, while the issue of divorce was uncontested, the wife offered substantial testimony on three separate grounds for divorce. It does not appear that this testimony had any relevance save in the belief that the "fault" of the husband, sought to be shown, would enhance the wife's division of the estate and would justify a separate award to the wife of attorney fees. This approach is erroneous. The waste of time and expense to the parties, their counsel, and the courts is self-evident. An attorney's fee award made by the court to either spouse as a part of a just and right division must be reasonable in amount, by local standards, and necessary, by professional standards, to prepare and present the contested issues in the case.

### Separate Property Affecting Division

■ An examination of the trial court's findings and conclusions reveals an uncertain treatment of the parties' claims to separate property. The husband asserted a separate property claim on real estate to which his wife responded, in the alternative, that the property was not "separate" but "community" or, in any event, that the community had a charge on the property for advances and improvements. The trial court did not resolve this issue directly, but awarded the claimed separate property to the husband without ruling on the community estate charge asserted by the wife.

Both parties were entitled to a determination of their respective claims with respect to this property, and to a "just and right" division after the resolution of these issues. In *Hedtke v. Hedtke, supra,* the correct approach for the trial court in making a division of property that is "just and right" was stated by our supreme court, quoting from *Fitts v. Fitts,* 14 Tex. 443, 450 (1855):

As the parties in marriage, in this state, very often have each separate property, and as very generally there is some community property, the most obvious construction of the statute is, that the separate property should be restored to its owner respectively, and that such division of the community property be made, as may seem just and right; it being understood that a due regard must be had to the rights of the parties, that suitable provision must be made for the education and maintenance of the children, if any, and that although the community property is the primary fund from which such provision should be made as would render the division just under all the circumstances, yet there may be cases in which the separate property will be subjected to such charges, and especially in favor of a wife, as may be equitable and right: Provided that the title to lands and slaves be not divested. *Fitts v. Fitts,* 14 Tex. 450.

248 S.W. at 22, 23. We hold that the division between the spouses in this case is manifestly unjust because the trial court failed to determine the claim of separate property, failed to determine charges against such property for advances and improvements by the community estate, and failed thereby to establish facts so as to make a "just and right" division of the parties' estate.

### Spouses' Pensions Affecting Division

Husband worked for the City of Dallas and had contributed $9,420.07 toward retirement over a period of 14 years, 2 months. The value of his pension plan at the time of divorce was only the contributions to date, while the potential value, at a future date, was estimated at $58,700. According to the trial court's finding, this future *potential* value was used in the division.

■ The wife's employer apparently had, in the course of time, changed plans for employees. The earlier plan was described as "profit sharing" and the current plan as an "annuity." A value of $2,500.55 was ascribed to the profit sharing plan and $44,410 to the annuity plan. The trial court concluded that both plans had a total value of $8,000. This conclusion could only reflect the *current* value of the benefits. Having used *potential* value in assessing the husband's benefits, it was manifestly unjust to apply a different standard to evaluating the wife's benefits. We hold that the division between the spouses in this case is manifestly unjust because a substantially erroneous evaluation of property to be divided taints the subsequent effort of the trial court to effect a "just and right" division. The correct rules for assessing and dividing delayed benefit plans in which community estate has an interest may be found in the following cases: *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976); *Grost v. Grost,* 561 S.W.2d 223 (Tex.Civ.App.—Tyler 1977, writ dism'd).

### Money Judgment Affecting Division

In response to a second request for findings, the trial court responded:

3. The Court further finds that the following properties were set aside to the husband, JOHN SAMUEL MURFF as his separate property and estate and the Court finds the values of said properties to be as follows:

A. The present value of husband's retirement, his place of employment at the City of Dallas, Dallas County Texas, $58,700.00.

B. Lot 12, Block 2, Day Estates, $15,000.00.

C. Roberts Avenue Property in the City of Irving, Dallas County Texas, $15,000.00.

D. Any and all community liens against Lot 12, Block 2 Day Estates and Roberts Avenue in City of Irving—No specific value assessed.

E. Roosevelt lot, $500.00.

F. Four Cemetary lots, $1,000.00.

G. Lake Tawakoni land and house and improvements $9,500.00.

H. 1975 Mercury Car $1,900.00

I. 1972 Tri-sonic Boat $2,000.00.

J. All husband's insurance—no value assessed for cash value.

K. All cash and other personal property in possession of husband—no value assessed.

Total: $103,600.00 less values assigned property claimed as husbands separate property, $30,000.00. Remainder $73,-600.00.

## PROPERTY AWARDED HIS WIFE

A. Retirement and trust at place of employment $8,000.00.

B. Mesquite property $6,000.00.

C. Aracady Heights Contract $2,200.00

D. Household furniture furnishings and fixtures $6,000.00

E. Community Homestead $47,000.00.

F. 1973 Pontiac Bonneyville $1,700.00

G. Cash Judgment $7,500.00

H. Cash value on wife's insurance $501.00

I. Personal property and cash in wife's possession no evidence as to value.

 In specific amounts of a total of $78,901.00. The husband complains that the award of a money judgment against him in the amount of $7,500 is "manifestly unjust." We agree. The statutory authority of the trial court is expressed in Tex.Fam.Code Ann. § 3.63 (Vernon 1974) as a "division of the estate of the parties." A money judgment in lieu of "division" is not authorized, although a money judgment is a permissible device to be used to avoid fractionating items in the estate to be divided. For the trial court to impose a money judgment of $7,500 upon the husband, when items allocated to the husband were available for re-allocation to the wife to cure any imbalance, is manifestly unjust. In an instance where a money judgment is an appropriate device to achieve a "just and right" division, but the judgment debtor is allocated non-liquid assets, absence of reasonable terms to the judgment debtor or reasonable security to the judgment creditor is both irrational and so harsh as to be inequitable. We do not hold that there may not be a case where there are facts present which would demonstrate the *equity* of imposing a money judgment, without terms or security, but no such facts appear here. We hold that there is no rational basis in the division made by the trial court (1) employing a money judgment in lieu of division, or (2) employing of a money judgment against a spouse with no liquid assets unless reasonable terms and security provisions are provided. *See Haggard v. Haggard*, 550 S.W.2d 375 (Tex.Civ.App.—Dallas 1977, no writ); *Dorfman v. Dorfman*, 457 S.W.2d 417 (Tex.Civ.App.—Texarkana 1970, no writ).

Reversed and remanded with respect to the property division.