**A. Robert MOOTZ, Appellant,**

v.

**Katherine MOOTZ, Appellee.**

**No. 20434.**

Court of Civil Appeals of Texas, Dallas.

Feb. 19, 1981.

Rehearing Denied March 23, 1981.

Bill R. Kinder, Eberstein, Morris, Smith & Kinder, Dallas, for appellant.

Edmund Burke, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

A. Robert Mootz appeals from a divorce judgment granted to his wife Katherine Mootz following a trial at which neither Mootz nor his counsel were present. We affirm because (1) Mr. Mootz's motion for new trial was properly overruled since his motion failed to set up a "meritorious defense," supported by affidavits or other evidence, (2) the evidence was sufficient to support the amount fixed as an attorney's fee, and (3) the trial court may consider "fault" of a spouse in determining a "just and right" division of the estate of the spouses to be made upon the granting of a judgment of divorce.

Mrs. Mootz instituted a suit for divorce in April 1979 on grounds described in her petition as "the marriage between them having become insupportable because of a discord

or conflict of personalities that destroys the legitimate ends of the marriage and prevents any further expectation of reconciliation." Mrs. Mootz sought to be named managing conservator of the two children (then ages 15 and 17); sought contribution to the support of the children from Mr. Mootz; and sought a partition of the marital property. Mr. Mootz responded with an answer under oath wherein he (1) denied Mrs. Mootz was a fit or proper person to be named managing conservator of their children, (2) denied that he should contribute to the children's support because he was unable to do so since Mrs. Mootz had interfered with and destroyed his business, (3) denied that he should be required to contribute temporarily to Mrs. Mootz' support or to pay various current debts because he was unable to pay, moreover, Mrs. Mootz was gainfully employed, (4) denied that there was a tax refund or that it had been wasted or secreted, or that other property had been secreted, and (5) other pleas placing every allegation of Mrs. Mootz' twelve page petition in issue. Some months later Mr. Mootz filed a cross-petition naming Mrs. Mootz and a third party as cross-defendants. Mr. Mootz sought a divorce, sought to be named managing conservator of the children, and sought a "just and right" partition of the marital property, all in the light of Mrs. Mootz' alleged adultery with the third party defendant. The case was set for trial on December 10, 1979, and only Mrs. Mootz and her counsel appeared. Judgment was pronounced that a divorce was granted on Mrs. Mootz' petition, Mrs. Mootz was appointed managing conservator of the children, the property was divided, and Mr. Mootz was assessed a fee of $7,000 for the benefit of Mrs. Mootz' counsel. The judgment was reduced to writing and signed and entered December 17, 1979. On December 21, 1979, Mr. Mootz filed his motion for new trial on the grounds that (1) Mr. Mootz and his counsel's failure to attend the trial was not the result of conscious indifference but due to accident or mistake in that opposing counsel had stated the case would be reset, and (2) a new hearing would not injure Mrs. Mootz or

cause an unreasonable delay. Two attorneys for Mr. Mootz filed affidavits supporting the first ground of the motion and no controverting affidavits were filed. The trial court entered an order overruling the motion for new trial, reciting therein that both parties and their counsel appeared on the motion; however, the statement of facts does not reflect that testimony was offered or taken in the hearing on the motion.

Mr. Mootz appeals arguing (1) that the trial court erred in refusing to grant his motion for new trial, (2) that the evidence was insufficient to support attorney's fees of $7,000, and (3) that the trial court erred in considering "fault" in making a "just and right" partition of the estate of the parties. We address these particular points as briefed and argued.

Under his first point, Mootz argues that the trial court erred in denying him a new trial since his motion and supporting affidavits were uncontested and conform with the rule announced ˌby the supreme court in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939); and reaffirmed in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). In *Ivy* the court stated:

> The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:
>
> > A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the Plaintiff.

407 S.W.2d at 213.

We cannot agree with Mootz because his motion for new trial and supporting affida-

vits only addressed the first of the two requirements of the "correct" rule, i. e., that the failure of Mootz and his counsel to attend the trial was "not intentional or the result of conscious indifference." Mootz' motion for new trial and the supporting affidavits fail to address the second requirement of the "correct" rule, i. e., "to set up a meritorious defense." In order to set up a meritorious defense, *Ivy* states: "The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." 407 S.W.2d at 214. Since Mootz' motion is silent as to facts constituting a meritorious defense, or prima facie proof thereof, the trial court did not abuse its discretion in denying the motion.

By his second point, Mootz urges that the evidence was insufficient to support the amount of the attorney's fees assessed against him. The statement of facts reflects that counsel for Mrs. Mootz testified that he had devoted 90 to 100 hours in representing Mrs. Mootz, that he had out-of-pocket expenses of $70, and that he had expended $750 in court costs. Further, counsel testified that $60 per hour was a reasonable charge for his services. This testimony is sufficient to support the attorney's fees awarded by the court. *See Braswell v. Braswell*, 476 S.W.2d 444, 446 (Tex. Civ.App.—Waco 1972, writ dism'd.).

Finally, Mootz urges that the division of the parties' estate was not "just and right" as required by Tex.Fam.Code Ann. § 3.63 (Vernon 1975) since the trial court considered the "fault" of Mootz in breaking up the marriage. Mootz relies upon *Young v. Young*, 594 S.W.2d 542 (Tex.Civ.App.—Dallas 1980, writ granted) to support his argument; however, *Young* was reversed by the supreme court in *Young v. Young*, 609 S.W.2d 758, 23 Tex.Sup.Ct.J. 119 (1980) which held that fault may be considered in dividing community property.

Affirmed.