Elvin **BRAY**, Appellant,

v.

Karen **BRAY**, Appellee.

No. 1727.

Court of Civil Appeals of Texas, Corpus Christi.

May 14, 1981.

Rehearing Denied June 11, 1981.

Larry J. Adams, Giles & Adams, Corpus Christi, for appellant.

Kenneth R. Hannam, George W. Shaffer, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a divorce case. The wife-appellee, Karen Bray, brought suit against her husband-appellant, Elvin Bray, for divorce and a division of the property. The trial court granted the divorce and divided the property. The husband is appealing only from that portion of the trial court's judgment pertaining to the division of the property.

Appellant, in points of error one and two, contends that the trial court abused its discretion in dividing the estate of the parties in a manner so disproportionate as to be inequitable and contrary to law. The estate of the parties was divided in the following manner:

To appellee, Karen Bray:

a. All her personal effects, jewelry and wearing apparel;

b. All personal property of whatsoever kind and nature now in her possession;

c. The community interest in and to Lot Twenty-Six (26), Block One (1), Jackson Place, Corpus Christi, Nueces County, Texas, the same being represented to the Court by Respondent as a one-third ($\frac{1}{3}$) undivided interest, subject however to one-third of the outstanding principal indebtedness to the mortgage company against said property, and to one-third of the Title I home improvement loan;

d. The 1974 Chrysler automobile;

e. Various enumerated items of personal property; and

f. A money judgment against Respondent in the amount of Ten Thousand ($10,000.00) Dollars, secured by a judgment lien on appellant's separate property in Houston.

To Elvin Bray:

a. All his personal effects, jewelry and wearing apparel;

b. The 1971 Chrysler station wagon;

c. The personal property now in his possession except as otherwise awarded to appellee.

Appellant was given all the debts existing on the date the petition for divorce was filed and any debts incurred by him since that date. Appellee was given all debts incurred by her since the date of the petition for divorce. With the exception of the ⅓ interest in the house being valued at $7,000.00, the 1974 Chrysler being valued at $4,500.00, and the $10,000.00 money judgment, there is little or no evidence as to the value of any of the other property.

Appellant states in his brief that, with respect to articles of personal property, there was presumably a fair and equitable division. He does, however, contend that the trial court abused its discretion by awarding his wife the property valued at $21,500.00, i.e., the 1974 Chrysler, the ⅓ interest in the house, and the $10,000.00 money judgment, because he received nothing more than his separate property to justify such an award. The appellant argues that the trial court based this unequal award upon consideration of the evidence of "fault" that was testified to by his wife over his initial objection. Appellant contends that the testimony concerning the fault of appellant was so detailed, malicious and prejudicial that the trial court, in the face of such accusations, was prejudiced and made a disproportionate division of the property to the wife. Appellant-husband argues that consideration of fault was improper because there was no fault alleged by the wife in her pleading; and therefore, there should not have been any evidence allowed on who caused the separation and ultimate divorce. Citing Young v. Young, 609 S.W.2d 759 (Tex.Sup.1980).

In the case of Young v. Young, fault had been pled by the party filing suit. The Supreme Court held that fault may, but does not have to be considered in dividing the property of the parties. The same result was reached in Murff v. Murff, 615 S.W.2d 696 (Tex.1981). After the holdings in Young and Murff, it is not clear to us whether the trial court may consider fault in the division of the property in a "no-fault" divorce. The better practice would be, of course, to plead "fault", which would allow all such evidence to be admitted. Sec. 3.52 Family Code. But, be that as it may, it is well-established law in Texas that trial courts are given broad discretion in dividing the property of the parties upon divorce. Zaruba v. Zaruba, 498 S.W.2d 695 (Tex.Civ. App.—Corpus Christi 1973, dism'd w.o.j.). This discretion is not to be disturbed on appeal unless there is a clear showing that the trial court has abused such discretion. This discretion is not unlimited, however, as there must be some reasonable basis for the division of property, especially when the division is unequal. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Cunningham v. Cunningham, 515 S.W.2d 345 (Tex.Civ. App.—Corpus Christi 1974, no writ); Harrell v. Harrell, 591 S.W.2d 324 (Tex.Civ. App.—Corpus Christi 1979).

■ In exercising this discretion, the trial court may consider many factors, and when it does, it is presumed that it exercised its discretion properly. Bell v. Bell, 513 S.W.2d 20 (Tex.Sup.1974); Murff v. Murff, supra. Some of the factors which may be considered were recently enunciated by the Supreme Court in Murff v. Murff. The Court said:

"... the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a 'just and right' division of the property. Likewise, the consideration of disparity in earning capacities or of incomes is proper and need not be limited by 'necessitous' circumstances." (See cases cited therein)

■ In the present case, there are no findings of fact or conclusions of law stating the reasons for the property division. In such a case, we must presume that the

trial judge exercised his discretion properly. *Bell v. Bell*, supra; *Murff v. Murff*, supra; *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ. App.—Corpus Christi 1978, no writ). Since the case was tried before the judge, it is also presumed that the trial judge did not consider any inadmissible evidence in arriving at its decision. *Merrell v. Merrell*, 527 S.W.2d 250 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *City of Corpus Christi v. Krause*, 584 S.W.2d 325 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ The record before us shows that there was testimony as to "secret" bank accounts held by appellant-husband; that the appellant had a greater earning capacity; that the appellee-wife had just lost most of her belongings in a fire; that the appellant had a house and lot located in Houston, Texas, that was his separate property; that the community estate had made the mortgage payments on the husband's separate property during the marriage; and that the community estate had also made payments to improve the husband's property during the marriage. The appellant failed to introduce any evidence of the value on the property he received as his share of the community estate. After a careful review of the record, we hold that there is sufficient evidence in the record to support the division of the property made by the trial court, unequal as it may or may not have been. In summary, we are not convinced that the division of the property by the trial court was so manifestly unjust as to be an abuse of discretion. Appellant's points of error one and two are overruled.

■ In points of error three and four, appellant complains of the trial court's granting appellee $3,000.00 in attorney's fees because there was no evidence as to the amount of attorney's fees. We agree that there was no evidence to support an award of $3,000.00 in attorney's fees. The record shows that at the conclusion of the trial, the judge orally announced the division of the property. It awarded the appellee-wife a $7,000.00 money judgment and granted her $3,000.00 in attorney's fees. However, at a later time in the final writ-

ten judgment, it reflected that only a money judgment was being entered for the wife in the amount of $10,000.00. Appellant contends that the trial court erred in entering a different judgment from that which he orally rendered. This point of error is without merit.

■ A trial court has plenary power to modify, correct or reform its judgment at any time before it becomes final. Rule 329b. This judgment did not become final until thirty days after the signing of the judgment. Rule 329b(d), T.R.C.P.; *Oritz v. O. J. Beck & Sons, Inc.*, 611 S.W.2d 860 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Irrigation Construction Company v. Motheral Contractors, Inc.*, 599 S.W.2d 336 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's points of error three and four are overruled.

Judgment of the trial court is affirmed.

BISSETT, J., not participating.