NUMBER 13-03-205-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

CHRISTIANA O. AKATUGBA,                                                    Appellant,

v.

CLETUS E. AKATUGBA,                                                            Appellee.
                                                                                                                                      

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                      

 MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza 
Memorandum Opinion by Justice Garza
 
          Appellant, Christiana Akatugba, appeals from the trial court’s judgment in a divorce
suit brought by appellee, Cletus Akatugba. In one issue, appellant argues that the trial
judge abused her discretion by failing to consider certain evidence regarding fault and
Nigerian property when she divided the Akatugbas’ marital property. Because we conclude
that the trial judge did not abuse her discretion, we affirm.
 
Standard of Review
We review a trial court’s division of property under an abuse of discretion standard. 
Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). A reviewing court may find that a trial
court abused its discretion if it acted arbitrarily or without reference to any guiding
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985). 
When no findings of fact are made, questions of fact are presumed to support the
judgment.


 See EMI Music Mex. v. Rodriguez, 97 S.W.3d 847, 853-54 (Tex. App.–Corpus
Christi 2003, no pet.).
In a decree of divorce, the trial court shall order a division of the estate of the parties
in a manner that the court deems just and right, having due regard for the rights of each
party and any children of the marriage. Tex. Fam. Code Ann. § 7.001 (Vernon 2003). The
trial court has wide latitude to divide the marital estate according to its discretion, and need
not divide community property equally. See Murff, 615 S.W.2d at 699. 
Analysis
By one issue, appellant contends that the trial judge abused her discretion by
dividing the marital property in a manner that was unfair to appellant. Specifically,
appellant argues that the trial judge failed to consider the fault of appellee in the dissolution
of the marriage, and that she also refused to consider evidence of marital funds spent by
appellee on property in Nigeria owned by the couple. We first address the question of
fault. 
          Without referring to specific evidence in the record, appellant asserts on appeal that
appellee was physically violent and abandoned his family, and was thus at fault for the
divorce. Appellant argues that she is therefore entitled to one-hundred percent of the
marital property in dispute, which consists of two certificates of deposit valued together at
approximately $84,000.00.
          Appellant cites to various authorities in support of the proposition that a trial court
may consider fault as one factor in determining how to divide marital property. See Bray
v. Bray, 618 S.W.2d 93, 95 (Tex. Civ. App.–Corpus Christi 1981, writ dism’d); Mootz v.
Mootz, 615 S.W.2d 247, 249 (Tex. Civ. App.–Dallas 1981, writ dism’d); Hooper v. Hooper,
403 S.W.2d 215, 217 (Tex. Civ. App.–Amarillo 1966, writ dism’d). These cases, however,
do not hold that fault automatically entitles one party to a greater percentage of the marital
estate. See, e.g., Bray, 618 S.W.2d at 95 (“[F]ault may, but does not have to be
considered in dividing the property of the parties.”); Hooper, 403 S.W.2d at 217 (holding
that the party at fault was nonetheless entitled to a greater percentage of the estate than
he originally received). Texas case law has instead established that fault is one of several
factors the court may take into consideration when dividing the marital estate, along with
the spouses’ capacity and abilities, earning potential, education, physical condition, and
relative financial condition and obligations. See Murff, 615 S.W.2d at 699.
          Furthermore, we find no evidence that the trial judge failed to consider the issue of
appellee’s fault. To the contrary, the record shows that the trial judge met in chambers with
appellant’s children to specifically discuss the issue of physical violence by appellee. 
Following this meeting, appellee was granted regular unsupervised visitation with his
children. The record also shows that when the parties separated, appellee moved to a
residence near his children and continued to be in regular contact with them. This behavior
does not indicate abandonment. See Jordan v. Hancock, 508 S.W.2d 878, 881 (Tex. Civ.
App.– Houston [14th Dist.] 1974, no writ) (discussing behavior that constitutes
abandonment).
          Appellant also argues that the trial judge abused her discretion by refusing, for
jurisdictional reasons, to consider evidence of marital funds used during the marriage to
build a house on property the couple owns in Nigeria. Appellant argues that appellee
intends to return to Nigeria and claim all of the property for himself, and that the judge thus
awarded appellee an unjust windfall by failing to take appellee’s expenditures on this
property into consideration. 
          Appellant asserts that the trial judge refused to consider the evidence because the
Nigerian property was not within the court’s jurisdiction. Appellant, however,
mischaracterizes the record. The record shows that the court declined to hear testimony
regarding how marital funds were spent on the Nigerian property because such
expenditures were made by both parties prior to their separation, and not because of any
jurisdictional issues. Furthermore, there is no evidence in the record supporting appellant’s
assertion that appellee intends to claim all of the Nigerian property for himself. We
therefore conclude that the trial judge did not abuse her discretion when dividing the
Akatugbas’ marital property. Appellant’s single issue is overruled.
          We affirm the judgment of the trial court.                                                       _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 29th day of July, 2004.