Reba Faye DEGER, Appellant,

v.

Verlyn Joe DEGER, Appellee.

No. 5480.

Court of Civil Appeals of Texas, Waco.

July 31, 1975.

Rehearing Denied Aug. 28, 1975.

Dean Dunlap, Amarillo, for appellant.

Sanders, Saunders, Brian, Finney & Thomas, Ronald D. Nickum, Amarillo, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Reba Faye Deger from that portion of a judgment in a divorce case which divided property of the parties.

Verlyn Joe Deger sued Reba Faye for divorce and property division. Trial was to the court without a jury, which rendered judgment of divorce and decreed division of the parties' property.

We summarize pertinent portions of the judgment dividing the parties' properties.

Verlyn Joe Deger shall take as his separate property the following:

1) Community personal property in his possession.

2) *"All right title and interest of the parties in and to that certain tract or parcel of land containing 637 acres and described * * * Union County, New Mexico.*

3) "All right, title and interest claimed by the parties in and to * * * 160 acres * * * Collingsworth County, Texas, *except that Respondent Reba Faye Deger shall retain her undivided one half interest in and to the minerals * * * which interest shall be a non participating, interest which shall not authorize her to lease, sell, convey, or otherwise dispose of*

*undivided non participating one half interest in the mineral estate without the joinder of Verlyn Joe Deger".*

4) Two automobiles.

5) Funds in bank accounts, credit Unions and Teacher Retirement System over which he exercises control or has contributed.

6) Certain Life Insurance policies.

Reba Faye Deger shall take as her separate property the following:

1) " * * * her undivided one half interest in and to the mineral estate underlying * * * 160 acres * * * Collingsworth County, Texas, *except that Verlyn Joe Deger, who also owns as his sole and separate property an undivided one half interest in and to said mineral estate, shall exercise all of the rights of the parties with regard to said estate, and the interest of Reba Faye Deger, in and to said mineral estate shall be a non participating interest and not subject to sale, lease, conveyance, or other disposition without consent of Verlyn Joe Deger".*

2) An automobile.

3) Community personal property in her possession.

4) $4,500. cash to be paid by Verlyn Joe Deger.

5) Funds in bank accounts, credit Unions and Teacher's Retirement System under her control or in her name.

6) Notes from sale of parties real estate in Maxwell, Texas.

Appellant Reba Faye Deger appeals on 14 points contending, among other matters:

1) The trial court erred in entering a judgment containing an unreasonable restraint against alienation of an interest in real property.

2) The trial court erred in making a manifestly unjust and unfair property division.

3) The trial court erred in determining title to real estate outside the jurisdiction of the State of Texas.

Contention 1 asserts the judgment contains an unreasonable restraint against the alienation of an interest in real property.

Appellee's brief concedes this point and says "she should not have been prevented by the judgment from selling or conveying or making other disposition of her interest in the mineral estate without consent of petitioner".

Contention 2 asserts the property division is manifestly unjust and unfair.

While arithmetical computation cannot be determined with exactitude, the trial court appears to have awarded appellant about $25,000. worth of property, and awarded appellee about $37,000. worth of property.

Contention 3 asserts the trial court erred in determining title to real estate located outside Texas.

The trial court awarded Verlyn Joe Deger all right title and interest of the parties in 637 acres of land in New Mexico.

It appeared that the parties' interest amounted to 318 acres (one half of 637 acres), and of this 106 acres would be appellees separate property, and 212 acres would be community property, if the property were located in Texas.

■ The trial court had no jurisdiction over the real estate lying outside the State. However, in setting aside to one of the parties property within its jurisdiction, the court may consider the property beyond its jurisdiction. *Askew v. Rountree*, CCA, Er. Dismd., Tex.Civ.App., 120 S.W.2d 117; *Risch v. Risch*, CCA, Er.Dismd., Tex.Civ. App., 395 S.W.2d 709. See also *King v. Lowry*, CCA, Er.Ref., Tex.Civ.App., 80 S.W.2d 790; *Kaherl v. Kaherl*, CCA, NWH, Tex.Civ.App., 357 S.W.2d 622; *Moor v. Moor*, CCA, Er.Den., 24 Tex.Civ.App. 150, 255 S.W. 231; *Boman v. Gibbs*, CCA, NRE, Tex.Civ.App., 443 S.W.2d 267.

Appellee tacitly concedes this point and contends that this particular portion of the judgment should be held a nullity "which places appellant in a far more advantageous position than that in which she felt she was placed by the trial court".

 We sustain appellant's points, supra, and reverse that portion of the judgment which divides the properties of the parties. Moreover, from the record as a whole, we believe that a remand is in the interest of Justice. *Scott v. Liebman*, Tex.S.Ct., 404 S.W.2d 288.

Reversed and remanded.