**Robert E. McKNIGHT, Appellant,**

v.

**Marie Eugenie Bourg McKNIGHT, Appellee.**

**No. 6441.**

Court of Civil Appeals of Texas, El Paso.

Feb. 11, 1976.

Rehearing Denied March 10, 1976.

Turpin, Smith & Dyer, Irby L. Dyer, Midland, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, Milton L. Bankston, Austin, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a divorce action in which the husband appeals that portion of the judgment dividing the property of the parties. Questions on appeal involve abuse of discretion of the trial Court in a division of the prop-erty and the proper disposition of partnership property. We reverse and reform the judgment in part and affirm the judgment in part.

The controlling law in this case is Section 3.63, Tex.Family Code Ann., formerly Article 4638, which provides: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." It is well settled, under this provision of the Family Code and its predecessor statute, Art. 4638, that the trial court is vested with broad discretion when effecting a division of the property of parties to divorce proceedings. An equal division is not required. *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682 (1959). It is equally well established that this discretion will not be disturbed on appeal unless it is clear that the trial court has abused its discretion. *Weaks v. Weaks*, 471 S.W.2d 454 (Tex.Civ.App.—Beaumont 1971, writ dism'd); *Mozisek v. Mozisek*, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd). The cases are legion which determine the question of whether there was nor was not an abuse of discretion; it would serve no purpose to cite those cases here for each case must be decided on its own facts and circumstances.

In general, the division was that the wife received that which she claimed as separate property which had come to her from her father's estate and consisting of cash, stocks, and bonds, all in the total of some $526,000.00. The husband was given what was undisputedly his separate property consisting of a one-fourth interest in some twelve vacant tracts dedicated as drill sights in the City of Odessa, a one-third interest in three ranches in Jeff Davis County and a one-eighth interest in a ranch in Crane County, all subject to outstanding purchase price mortgages. The husband also received the family home, which was a gift from his father. These ranch properties were operated by a partnership consist-

ing of the husband, his sister, and father. There was a joint bank account, and there were bank accounts claimed as separate property by the husband in the sum of some $72,000.00. Additionally, there was a dispute as to whether bank shares of the value of some $166,000.00 were the separate property of the husband. These disputed items were given to the wife; she received all bank accounts standing in her name or the husband's name, and one-half of the bank account of the ranch partnership. Additionally, she was given the cash surrender value of life insurance policies on the husband, one-fourth of all the cattle and other livestock owned by the ranch company partnership (to be divided in kind), a share of stock in the Odessa Country Club Membership, the 1972 Buick station wagon, household goods and furnishings in the family home. In addition to the debts he was ordered to pay, the husband was also ordered to pay $9,750.00 of the wife's attorney's fees, $600.00 per month child support, the $9,500.00 cash surrender value of the insurance policies, and any income tax liability and other taxes accruing during the marriage.

The statutory obligation imposed on the courts to divide the property fairly is coupled with a provision that it be done with due regard to the rights of the parties and "any children of the marriage." This Court is of the opinion that the trial Court abused its discretion in regards to the rights of the children of the marriage.

■ There were seven children of the marriage; one was married at the time of the divorce and six were still in the home. The custody of one child was awarded to the wife and the husband was ordered to pay $600.00 per month child support. The other five children are with the husband, three being awarded to him and the other two being above eighteen years of age and free to choose. Even though these two are above mandatory custody and child support orders, their rights are involved so far as the property division is concerned. The statute speaks of "any" children of the marriage. These two girls are in college and

entitled to stay there and be supported under the circumstances of this family's wealth. The abuse of discretion results from the fact that the children are the obligation of the husband, yet he is stripped of all cash, a portion of his livestock, left a business to operate but no funds to operate it with, and ordered to pay debts. The day-to-day expense of five children requires cash or a readily available source of cash; if the criteria of $600.00 per month for one child is right, then the husband will need $3,600.00 per month or $43,000.00 per year for the six.

Thus, the children are left in the custody of a father with no cash funds and who, if he acquires any cash, must pay obligations ordered by the Court under threat of execution; they have a house but the mother has the furniture; there is a showing in the record that the husband received some $16,-000.00 in a prior year from oil royalties but the record is silent as to how regular that happens, and what the future of it is. Otherwise, he is left to make a living for the children from the ranching business but has been stripped of a portion of the livestock and left with no capital to operate. He must look to the ranching business, and probably in the long run it will provide, but for the present, it will not meet the needs of the children. At the time of trial, there was a severe drought, cattle prices were down, it was the middle of the year yet they were still having to feed livestock, and some $50,000.00 had been borrowed for operations. True, the drill sights in Odessa could be sold or ranch properties could be sold, although they are burdened with mortgages, but this would be a one-shot operation for current support. The situation of these parties does not require it; that situation is such that there is no need to kill the goose that lays the golden egg, that is, sacrifice income producing property for current living expenses. The wife has income from stocks and bonds and some oil royalty; she testified that she is receiving 11% interest on $115,000.00 in Certificates of Deposits; she will have $600.00 a month child support, and only herself and the one child to care for.

■ The ranching interest had been for many years operated as a partnership, with the husband owning a one-half interest, his sister a 20% interest, and his father a 30% interest. The trial Court ordered a division of the partnership property in kind, awarding the husband ranch equipment and giving the wife one-half of the partnership bank account of $42,862.00; the Court then prescribed a detailed procedure for dividing the livestock with the wife having first choice and the husband then selecting the second choice of stock for himself and then making a double selection for the partnership or the other two partners. In this, we think the Court erred. Under the Texas Uniform Partnership Act, the rights of a divorcing spouse of a partner can attach only to his partnership interest and not to the specific properties of the partnership. The Uniform Partnership Act, Article 6132b, Tex.Rev.Civ.Stat.Ann., provides:

> "Sec. 28–A. (1) A partner's rights in specific partnership property are not community property. (2) A partner's interest in the partnership may be community property. (3) A partner's right to participate in the management is not community property."

Section 28–B, "*Effect of Death or Divorce on Interest in the Partnership*," provides in part:

> "Sec. 28–B. (1)(A) On the divorce of the partner, the partner's spouse shall, to the extent of such spouse's interest in the partnership, be regarded for purposes of this Act as an assignee and purchaser of such interest from such a partner."

The bank account, livestock and ranch equipment of the partnership, "McKnight Ranch Company," are properties belonging to the partnership entity. Under Section 28–A of the Act, then, the husband had no specific partnership property which could be divided by the Court. There is yet another reason why this award of specific partnership property to the wife was error. That is, that the other partners were necessary parties to any attempted division in kind of property in which they had an interest. That part of the judgment awarding any partnership property including, but not limited to, the bank account of McKnight Ranch Company, the cattle and other livestock, or ranch equipment is reversed. The wife has no land, and thus no need for cattle; on the other hand, this is the husband's principal business on which the children are dependent for support. Judgment is here rendered that the husband, Robert E. McKnight, recover one-half interest in the partnership known as McKnight Ranch Company.

■ The Court imposed on the husband the obligation to pay any federal income taxes which were incurred during the marriage, and that any refund of such income tax would be shared 50–50. The nature of the properties owned by the wife were such that a sale of them by her during the marriage would impose a tremendous tax burden on the husband. For instance, one year they sold some of her drilling company stock and some bank stock and the family incurred an income tax liability of $95,000.00 in that year. The trial of this case was in August but the marriage was not dissolved until the entry of judgment on October 15, 1974. The interim provides the possibility for a tax free disposition of the properties of the wife and a resulting tax burden on the husband which could strip him of the means to support the children of the marriage. That part of the judgment decreeing that the husband pay any income tax incurred during the marriage is reversed. Judgment is here rendered that the parties share equally, 50–50, any income tax liability incurred during the marriage, and likewise, that they share 50–50 any refund of such tax.

■ To further correct what we have found to be an abuse of discretion in that the childrens' provider was left without cash or working capital, we propose to give the husband cash and some debt relief. That portion of the judgment awarding all cash on deposit in any bank or savings and loan institution is reversed, and judgment is here rendered that all cash in any bank or savings and loan institution, including Certificates of Deposit, in the name of Marie

Eugenie Bourg McKnight is awarded to her; all cash on deposit in any bank or savings and loan institution, including Certificates of Deposit, standing in the names of the parties jointly or in the name of Robert E. McKnight, excepting the McKnight Ranch Account, is awarded one-half to Marie Eugenie Bourg McKnight and one-half to Robert E. McKnight as such accounts stood on August 15, 1974.

That portion of the judgment awarding the wife the cash surrender value of the husband's life insurance policies is reversed, and judgment is here rendered that the ownership and cash surrender value of any policies of life insurance standing in the name of Robert E. McKnight or owned by him are awarded to him.

The judgment of the trial Court is reformed by the reversal and rendition of judgment as to the specific items above set out. In all other things, the judgment is affirmed.

OSBORN, J., not sitting.