Lette Yvonne **HAGGARD**, Appellant,

v.

Bobby Jack **HAGGARD**, Appellee.

No. 19074.

Court of Civil Appeals of Texas, Dallas.

April 8, 1977.

Lawrence E. Ackels, Lawrence E. Ackels, Jr., Dallas, for appellant.

Burt Barr, Dallas, for appellee.

AKIN, Justice.

Our former opinion is withdrawn, and the following substituted.

Lette Haggard appealed from the division of community property pursuant to a divorce decree. Bobby Haggard moved to dismiss the appeal due to Mrs. Haggard's acceptance of benefits under the judgment. In a prior opinion we dismissed the appeal on the authority of *Carle v. Carle*, 149 Tex.

469, 234 S.W.2d 1002 (1950), which holds that a party cannot appeal from a judgment where he has voluntarily accepted benefits under it. In her original appeal, no reason was given for accepting benefits under the judgment; however, in her motion for rehearing, supported by affidavit, Mrs. Haggard asserts that she accepted the benefits because of economic hardship which, she insists, is an exception to the general rule that a party cannot appeal from a judgment after accepting benefits under it. We reinstate the appeal, but we hold that the trial court did not abuse its discretion in dividing the property. Accordingly, we affirm.

■ Acceptance of benefits due to financial duress has been held not to constitute voluntary acceptance and is, therefore, an exception to the rule applied in *Carle. Cherokee Nation v. United States,* 355 F.2d 945, 949 (Ct.Cl. 1966); *McCartney v. Mead,* 541 S.W.2d 202, 205 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ). Here, according to Mrs. Haggard's affidavit, she accepted four $100 checks under the judgment because she was then without sufficient funds to provide the necessities of life. This affidavit is not challenged by Mr. Haggard. We hold, therefore, that Mrs. Haggard did not voluntarily accept the benefits under the judgment and is not estopped to attack the judgment under the rule enunciated in *Carle.*

In this respect, we note that strict application of the *Carle* rule can lead to harsh results and does not seem to be consistent with more recent, enlightened decisions in this area. *Carle* recognizes that the general rule is subject to an exception to the effect that an appeal may be maintained where the reversal of the judgment cannot possibly affect the appellant's rights to the benefits accepted. *Carle,* 234 S.W.2d at 1004. Some of the decisions following *Carle* are, in our view, unduly restrictive. In *Roye v. Roye,* 531 S.W.2d 242, 244 (Tex.Civ.App.— Tyler 1975, no writ), the husband was awarded a pick-up truck, household furnishings in his possession, and one-half of the residue of a fund after debts and attorneys'

fees were paid. The court held that the husband was not entitled to these specific items as a matter of right and that his retention of these items, therefore, estopped his appeal from the property division. In *Clark v. Clark,* 362 S.W.2d 655, 657–58 (Tex.Civ.App.—Houston 1962, no writ), the wife's acceptance of the home and furnishings was held to preclude an appeal concerning the award of certain community property to her husband.

■ In our opinion, these holdings go further than *Carle* requires. The *Carle* court was ultimately concerned with possible prejudice to the appellee and was concerned with the fact that the appellant in that case could not return the funds awarded so that the court, upon retrial, could render a different division of the community property. We are of the opinion that a spouse should not be estopped from appealing an award pursuant to a divorce unless the other spouse would be prejudiced by the appeal to the extent that the wrong could not be remedied upon retrial or unless the appealing spouse has clearly acquiesced in the judgment. *Gordon v. Gordon,* 218 Kan. 686, 545 P.2d 328, 333 (1976); *see Brackin v. Brackin,* 182 So.2d 1, 5 (Fla.1966); *see also In re Marriage of Fonstein,* 17 Cal.3d 738, 131 Cal.Rptr. 873, 552 P.2d 1169, 1173 (1976); *Piper v. Piper,* 234 N.W.2d 621, 623 (N.D.1975); *O'Connor v. O'Connor,* 253 Ind. 295, 253 N.E.2d 250, 251–52 (1969); *Kassebaum v. Kassebaum,* 178 Neb. 812, 135 N. W.2d 704, 705–06 (1965); *Bohl v. Bohl,* 72 S.D. 257, 32 N.W.2d 690, 692 (1948); *Katz v. Katz,* 10 Ill.App.3d 39, 293 N.E.2d 904, 906 (1973). Mere possession of a portion of the community estate awarded should not conclusively establish acquiescence in the judgment. As stated by the North Dakota Supreme Court in *Piper,* 234 N.W.2d at 623:

It is both practical and just that if one jointly or individually possesses an asset during the pendency of a divorce action and is subsequently awarded that asset by the divorce judgment, he should not have to divest himself of that asset before appealing the judgment. This is most obvious when the asset is a necessity of life.

Similarly, use of cash awarded one spouse should not preclude an appeal where the rights of the other spouse would not be prejudiced. *E. g., Kassebaum,* 178 Neb. 812, 135 N.W.2d at 706. Here, there is no danger that Mr. Haggard's interest in the $400 received by Mrs. Haggard would be prejudiced by the appeal; he does not contend that his rights to any real or personal property are being prejudiced by her use of it while the appeal is pending. Indeed, the trial court could take the $400 paid to Mrs. Haggard into consideration in the event of a redivision. *E. g., Fonstein,* 17 Cal.3d 738, 131 Cal.Rptr. 873, 552 P.2d at 1173. If Mrs. Haggard is not awarded sufficient cash to repay it, the court could order assets awarded her sold. The evidence clearly shows that, in the event of redivision, she will necessarily be awarded property worth more than $400; a division that did not award her this amount of property would clearly be an abuse of discretion. Mr. Haggard's rights would not be prejudiced, therefore, by this appeal.

We proceed, therefore, to consider the merits of the appeal. Mrs. Haggard contends that the trial court erred in its conclusions of law that Mrs. Haggard received approximately $35,000 and Mr. Haggard received only $20,000 of the community property. The court in its findings of fact awarded Mrs. Haggard the community home of an approximate value of $50,000, with a $17,000 lien against it, all household furniture and fixtures, all insurance on her life, and a note in the amount of $5,000 to be secured by property given to Mr. Haggard, payable at the rate of $100 per month with interest at 7½% per annum. Mr. Haggard received his Zale Corporation profit sharing and retirement benefits accrued in the amount of $17,133.06, subject to a $4,000 lien, a house in McKinney, Texas, worth $7,000, subject to a $4,000 lien, 53.8 acres in Fannin County valued at $22,600, subject to a $17,000 lien, the Federal Land Bank account, and all of the stock in the Zale Corporation. Appellant's basic

complaint is that Mr. Haggard actually received $54,233.06 of the community property, rather than the $20,000 as the trial court concluded. In her brief, she states:

Mr. Haggard was awarded the following property with the accompanying valuations placed thereon by the trial court:

| | | |
|---|---|---|
| 1. | Vested profit sharing and retirement benefits in Zale Corporation | $17,133.06 |
| 2. | House and lot in McKinney, Texas | 7,000.00 |
| 3. | 53.8 acres of farmland in Fannin County | 22,600.00 |
| 4. | Federal Land Bank account | 900.00 |
| 5. | Zale stock | 6,600.00 |
| | Total value | $54,233.06 |

These calculations fail to take into account any indebtedness against the property. The trial court, in its findings, assigned values with accompanying indebtedness to the profit sharing and retirement benefits, the McKinney house, and Fannin County farmland. The actual value of this property, as found by the trial court, was $21,733.06. No value was assigned to the Federal Land Bank account or the Zale stock in the findings of fact; however, Mr. Haggard's testimony was that the Federal Land Bank account was worth about $1,000 and that the Zale stock was worth approximately $6,670, subject to a $4,000 debt. Thus, he received an additional $3,670, bringing the total to $25,403.06. On the other hand, Mrs. Haggard was awarded the home, which had a net value of $33,000, and the $5,000 note.[1] Additionally, she received the household furnishings which were not valued by the trial court; however, there is evidence that they were worth about $2,000. We conclude, therefore, that she received community property in the total amount of $40,000. Although this reflects a division slightly more favorable to Mr. Haggard than that recited in the trial court's conclusions of law, it is still clear that Mrs. Haggard received property worth substantially more than that received by Mr. Haggard. We note, also, that Mr. Haggard assumed

1. Although the judgment and findings recite $3,000, appellee admitted in oral argument that

$5,000 was correct. We, therefore, reform the judgment in this respect.

approximately $3,000 in community debts. Since the trial court, in dividing the community property in a divorce, is given wide discretion in dividing the community property of the parties, that division will not be disturbed on appeal unless the court has clearly abused its discretion. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). We find no abuse of discretion here.

■ Mrs. Haggard also argues that the trial court erred in refusing to permit testimony concerning Mr. Haggard's alleged adultery as a basis for an unequal division of the community property. Fault in breaking up the marriage is recognized as one factor to be considered by the trial court in deciding whether to make an unequal distribution. *Cooper v. Cooper,* 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Appellant sought to offer the testimony of two private detectives, at which time the following dialogue occurred:

The Court: Mr. Ackels, I understand the direction in which you are going, in regard to what you want to establish in the way of fault.

Mr. Ackels (attorney for appellant): Yes sir.

The Court: We have established the divergence in income; we have established the divergence of health. If you present this testimony, I assume it will be on the basis of argument for disparity in the division of the property.

Mr. Ackels: Yes sir.

The Court: I don't believe the Court will need it.

Thus, the trial court was apparently satisfied that an unequal division was justified, and it ultimately made such a division, as we have already pointed out. Consequently, for the testimony of the private detectives to be relevant, it would have to indicate that Mrs. Haggard was entitled to an even greater portion of the community property than that awarded. Since the testimony was not preserved in a bill of exception, we cannot presume that it would have established her right to a greater proportion of the community property. *Biddle v. National Old Line Ins. Co.,* 513 S.W.2d 135, 139 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

■ Mrs. Haggard also asserts that the property division is unjust because she was not given sufficient liquid assets in that the bulk of the property awarded to her consists of the house, against which there is a substantial indebtedness. In *McKnight v. McKnight,* 535 S.W.2d 658 (Tex.Civ.App.—El Paso) *rev'd* 543 S.W.2d 863 (Tex.1976), the court of civil appeals held that the trial court abused its discretion because the husband was left without liquid assets and, consequently, awarded to the husband certain liquid assets which the trial court had awarded to the wife. *Id.* 535 S.W.2d at 660. The supreme court reversed the court of civil appeals' redivision of the property, but affirmed its finding of an abuse of discretion and remanded the case to the trial court for a redivision. Thus, it appears that failure to award sufficient liquid assets to one spouse, apart from the value of property awarded each spouse, may constitute an abuse of discretion in certain circumstances. We hold, however, that no abuse of discretion is shown here. The only liquid assets available were the Federal Land Bank account and the Zale stock worth a total of $7,670, with a $4,000 debt against the stock.[2] Thus, the available liquid assets totaled $3,670. Mrs. Haggard was awarded $5,000 to be paid in $100 monthly installments. Although the trial court could have ordered the sale of other assets, it was not required to do so. Additionally, the trial court was aware that Mr. Haggard was entitled to a bonus from his employer, the amount of which had not been determined at the time of trial. Since the bonus was not awarded in the division of the community property, the parties became joint owners of the bonus. Thus, Mrs. Haggard is entitled to seek a partition of the bonus in an action brought for that

---

2. The evidence shows that Mr. Haggard could not withdraw funds from the vested retirement fund at this time unless he left the company.

There is no indication that he is considering a change in employment.

purpose. *Busby v. Busby,* 457 S.W.2d 551, 554–55 (Tex.1970). This, of course, will provide additional cash for Mrs. Haggard. We conclude, therefore, that considering the nature and extent of the community estate, no abuse of discretion has been shown in this regard.

Mrs. Haggard also argues that the trial court abused its discretion in failing to require appellee to pay her attorney's fees. The award of attorney's fees is one factor which the trial court may take into consideration in dividing the community estate, and the court has broad discretion in deciding whether attorney's fees should be charged against the other spouse. *Carle,* 234 S.W.2d at 1005; *Merrell v. Merrell,* 527 S.W.2d 250, 256 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.). Since the trial court awarded a greater portion of the community assets to Mrs. Haggard than it did to Mr. Haggard, we cannot say that it abused its discretion in refusing to award attorney's fees to Mrs. Haggard's attorney.

As noted, *supra,* both parties agree that the judgment was in error with respect to its recitation that the note awarded to Mrs. Haggard was $3,000. Instead, the correct amount should be $5,000. Accordingly, we modify the judgment to reflect a $5,000 note to Mrs. Haggard. In all other respects, the judgment is affirmed.