**Laura Lee YOUNG, Petitioner,**

v.

**James Lawrence YOUNG, Respondent.**

**No. B–9316.**

Supreme Court of Texas.

Dec. 10, 1980.

Robertson & Wilkinson, Charles H. Robertson, Dallas, for petitioner.

Dan Hennigan, Houston, for respondent.

Koons, Rasor & Fuller, Reba G. Rasor, Dallas, amicus curiae.

GREENHILL, Chief Justice.

Two questions are presented in this cause. The first issue is whether a trial court, in making a division of the property of the parties in a divorce action, may consider that the wife has assumed the obligation of caring for the parties' physically disabled adult son. The second question is whether, in a divorce granted on a fault basis, the trial court may consider the fault of one spouse in breaking up the marriage when making a property division.

The court of civil appeals, in reversing the judgment of the trial court, ruled that section 3.63 of the Texas Family Code does not authorize consideration of the residency and care of the disabled adult son or fault in breaking up the marriage. 594 S.W.2d 542. We reverse that judgment and affirm the judgment of the trial court.

This Court has jurisdiction because the holding of the court of civil appeals conflicts with *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App.–Eastland 1964, no writ).

Laura and James Young were married in 1942. They were separated in 1970. This divorce was granted in 1977. There are two adult children of this marriage, a son and a daughter. The son contracted multiple sclerosis as an adult. He is physically disabled and lives with Mrs. Young. He was thirty–two years old in 1977 when divorce was granted.

The trial court found that James Young deserted Laura, leaving her with full care and responsibility of their son. It entered a conclusion of law that James was guilty of cruel treatment toward Laura. The trial court also found that James Young secured a foreign divorce without notice to Laura, and that such divorce was invalid. James then entered into a marriage with another woman. The trial court also found that marriage to be invalid. Finally, the trial court found that during this putative marriage, property of substantial value was accumulated, and that Laura had an interest in this property.

The property of the parties was divided by the trial court. In order to equalize the values of the property divided, James Young was ordered to pay Laura $10,000.00. The money was to be paid over a period of time. There was a community interest in two different retirement and pension benefits plans arising out of James Young's employment. Laura was awarded 70% of the community interest in both retirement benefit plans when received.

The trial court's conclusion of law number 4 provides: "Consideration should be given pursuant to Section 3.63 of the Texas Family Code to the rights of JAMES L. YOUNG's and LAURA L. YOUNG's disabled adult son in the division of the property."

In *Red v. Red*, 552 S.W.2d 90 (Tex.1977), this Court considered whether the trial court has jurisdiction to modify a fully performed support order after a mentally and physically disabled minor child has become an adult. A divided court held that the trial court did not have such jurisdiction. *Red* involved section 14.05(b) of the Texas Family Code. This case involves only section 3.63. Section 14.05(b) provides:

(b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period.

The Court interpreted "shall be continued after the 18th birthday" as requiring an existing support order before age 18.

In *Red*, we recognized the duty of a financially able father or mother of an incompetent unmarried person to maintain the incompetent, whether a minor or an adult. 552 S.W.2d at 91. Although Diana Red, the adult incompetent child, had no remedy under sections 14.05 and 14.08 of the Family Code, the opinion stated that:

Nothing herein should be interpreted as prejudicing the right of Diana Red, or any *proper person acting in her behalf*, to seek support from her parents, or either of them, *under Section 423 of the Texas Probate Code or any other applicable law.*

The duty of a financially able father or mother to support an unmarried physically handicapped adult child is recognized in Texas Family Code section 14.05(b) and its predecessor, article 4639a–1, Texas Revised Civil Statutes Annotated. The Young divorce was not granted until long after their adult disabled son had passed age 18. There was no pre–existing support order to be continued, and in fact he was not disabled until after age 18.

■ Section 3.63 of the Texas Family Code specifically authorizes the trial court to have "due regard for the rights of each party and any children of the marriage" in the just and right division of the estate of the parties. James Young contends that his son's support is a "need" and not a "right," and hence should not be considered in the property division. We hold that an unmarried disabled adult child's right to support corresponds to his parents' duty to support and is entitled to recognition under section 3.63.

■ James Young also contends that "child" should be limited to mean "minor child" in section 3.63. We disagree. There is no statutory definition of child applicable to section 3.63 in the Family Code. The definition contained in section 11.01(1) provides:

As used in this subtitle and Subtitle C of this title, unless the context requires a different definition:

"Child" or "minor" means a person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes.

Title 2 of the Family Code includes section 11.01(1) and is captioned "Parent and Child." Title 1, including section 3.63, is captioned "Husband and Wife." The definition equating "minor" and "child" is not applicable to section 3.63. Additionally, the definition itself expressly recognizes that "minor" and "child" are not always synonymous. In section 4.02 of the Family Code, the Legislature modified the word "children" by placing the word "minor" in front of it. By contrast, the only word modifying "children" in section 3.63 is "any."

In *McKnight v. McKnight*, 535 S.W.2d 658 (Tex.Civ.App.–El Paso), *rev'd on other grounds*, 543 S.W.2d 863 (Tex.1976), the court of civil appeals held that a trial court may consider the rights of adult children in dividing the estate of the parties under section 3.63. 535 S.W.2d at 660. The *McKnight* case was reversed by this Court because the court of civil appeals improperly rendered specific awards of property rather than remand the case to the trial court after determining that the trial court had abused its discretion. The judgment of the court of civil appeals was affirmed in all other respects. 543 S.W.2d at 868.

The court of civil appeals in *McKnight* reasoned that the husband had been given the responsibility for five children, plus a ranch to operate, but a lack of immediate cash assets. It held that the trial court had abused its discretion by leaving the husband without sufficient liquidity to take over the responsibilities which were also assigned to him by the divorce decree. 535 S.W.2d at 660. This holding was affirmed in the Supreme Court. 543 S.W.2d at 865–866, 868. In *Horlock v. Horlock*, 533 S.W.2d 52, 61 (Tex.Civ.App.–Houston [14th Dist.] 1975, writ dism'd), the court of civil appeals held that factors which may be considered by the trial court in dividing the property include support provisions for the parties' son and the debts and other liabilities imposed on the husband. Likewise in *Liddell v. Liddell*, 29 S.W.2d 868, 871 (Tex.Civ.App.–San Antonio 1930, no writ), the court of civil appeals held that one of several factors justifying an unequal division of the property was "the burden of the care and maintenance of the child."

■ From the separate conclusions of law contained in the supplemental transcript, it appears that fault was also one of the bases of the unequal property division

rendered by the trial court. Conclusion of law number 3 states: "JAMES L. YOUNG's conduct in [*sic*] the disparity in the earning power of JAMES L. YOUNG and LAURA L. YOUNG are such that an unequal division of the property is just and right." Therefore we find it necessary to address the question of whether a trial court may, in a fault–based divorce, consider the fault in breaking up the marriage as a factor in making a property division favoring one spouse. It is not necessary for us to express an opinion concerning the same issue in a "no–fault" divorce, and we express none.

The Texas Family Code sections 3.02 through 3.07 provide six circumstances when a divorce decree may be granted in favor of one spouse. These include the traditional fault grounds for divorce of cruelty, adultery, and abandonment. These sections were codified by the Legislature into the Family Code along with section 3.01 which provides for "no–fault" divorce based on insupportability "because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

This divorce petition was based on all three traditional fault grounds and was granted to Laura on these grounds. The trial court entered a conclusion of law that James had been guilty of cruel treatment toward Laura. It also entered findings of fact, separate from the divorce decree and in the decree itself, related to James' adultery (including an affair and a putative marriage). The divorce decree itself states: "[t]he Court finds that Respondent deserted Petitioner, leaving her with full care and responsibility of the parties' adult child . . . ."

 The court of civil appeals concluded that fault is an unsatisfactory consideration in making the property division for two reasons. The first is that it would automatically result in an unjust division, in *all* circumstances, reasoning that it denies consideration of the future needs of the spouse on the short end of the property division. We do not agree. In *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923), we stated:

> While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the estate of the other spouse, its power is not limited to providing compensation for such benefits. Instead the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and the probable future necessities of all concerned.

248 S.W. at 22. Thus we recognized that it is possible for the trial court to make a "fair and just" division by considering fault as well as other considerations. Likewise, in *Duncan v. Duncan*, 374 S.W.2d 800 (Tex. Civ.App.–Eastland 1964, no writ), an unequal division of property was justified based on probable future need for support, fault in breaking up the marriage and the benefits the innocent spouse would have received from a continuation of the marriage.[1] The circumstances of each marriage dictate what factors should be considered in the property division upon divorce. In the present case, the trial court expressly stated

---

1. At least twelve courts of civil appeals have recognized the relevancy of fault in dividing the estate of the parties. *In re Marriage of Butler*, 543 S.W.2d 147, 149 (Tex.Civ.App.–Texarkana 1976, writ dism'd); *Hopkins v. Hopkins*, 540 S.W.2d 783, 787 (Tex.Civ.App.–Corpus Christi 1976, no writ); *Dietz v. Dietz*, 540 S.W.2d 418, 420 (Tex.Civ.App.–El Paso 1976, no writ); *Currie v. Currie*, 518 S.W.2d 386, 390 (Tex.Civ. App.–San Antonio 1974, writ dism'd); *Wilkerson v. Wilkerson*, 515 S.W.2d 52, 55 (Tex.Civ. App.–Tyler 1974, no writ); *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.–Houston [1st Dist.] 1974, no writ); *Roberson v. Rober-son*, 420 S.W.2d 495, 503 (Tex.Civ.App.–Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Middlesworth v. Middlesworth*, 380 S.W.2d 790, 792 (Tex.Civ.App.–Fort Worth 1964, no writ); *Duncan v. Duncan*, 374 S.W.2d 800, 802 (Tex. Civ.App.–Eastland 1964, no writ); *Hudson v. Hudson*, 308 S.W.2d 140, 141 (Tex.Civ.App.– Austin 1957, no writ); *Venezia v. Venezia*, 227 S.W.2d 881, 882 (Tex.Civ.App.–Galveston 1950, no writ); *Hendrick v. Hendrick*, 222 S.W.2d 281, 284 (Tex.Civ.App.–Amarillo 1949, no writ). The Dallas Court of Civil Appeals has, prior to their decision in this cause, recognized the relevancy of fault in division of the estate of the

**762**

three considerations in the property division: James' conduct, the disparity of earning power of the spouses, and the rights of the parties' adult disabled son.

The second reason given by the court of civil appeals in concluding that fault should not be considered is that fault does not ever lie totally with one spouse, and that consideration of fault would "require a trial judge to assess each and every bicker, nag and pout, as well as greater faults, of each spouse." 594 S.W.2d at 545. Again, we do not agree. We are not here concerned just with bickers, nags and pouts. Here, we have unchallenged findings of cruelty, adultery, and desertion. Both the Legislature and the courts have traditionally considered these to be "fault." In this situation, we agree with the trial court that fault may be a consideration to be weighed in the division of property. This does not mean that fault *must* be considered in all cases where a divorce is granted on fault grounds. Our holding is that it may be considered.

▪ In considering fault, along with other factors, the trial court is directed by section 3.63 to make a property division which is "just and fair." The division should not be a punishment for the spouse at fault. That would be an abuse of the trial court's discretion. There is a difference between making a just and right division of the property with due regard for the children of the marriage, as approved in *Hedtke* almost sixty years ago, and punishing the errant spouse. In general, the trial courts in Texas have perceived this distinction. The trial court has broad discretion in determining the disposition of property in divorce actions and this discretion will not be disturbed unless an abuse of discretion is shown. *McKnight v. McKnight*, 543 S.W.2d at 866; *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975); *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). Considering the record before us, we are unable to say that the trial court abused its discretion.

▪ In his brief in the court of civil appeals, James complains that there was no

parties in a divorce action. *Haggard v. Haggard*, 550 S.W.2d 374, 378 (Tex.Civ.App.–Dallas 1977, no writ); *Waggener v. Waggener*, 460

evidence to support the award of attorney's fees to Laura. The court of civil appeals did not rule on this point. James filed no motion for rehearing in the court of civil appeals and no brief in this Court. He attempted to raise the point on oral argument.

Neither party complained of the action, or inaction, of the court of civil appeals, and neither party has a point or cross-point in this Court on attorney's fees. While we may look to points in the court of civil appeals upon which to affirm that court's judgment, the judgment of that court was that of reversal and remand. The attorney's fees point was a "no evidence" point; and, if sustained and severed, it would have resulted in a reversal and rendition. We may not, therefore, use that point here. Since the attorney's fees question has not been preserved to this Court, we have no jurisdiction to decide it.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

S.W.2d 251, 254 (Tex.Civ.App.–Dallas 1970, no writ).