Linda Sue **BARBER**, Appellant,

v.

Walter Wayne **BARBER**, Appellee.

No. 6328.

Court of Appeals of Texas,
Waco.

Sept. 4, 1981.

Rehearing Denied Oct. 8, 1981.

Joe L. Orr, Orr & Orr, Fort Worth, for appellant.

David B. Anderson, Wm. R. Anderson, Jr., Anderson & Anderson, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. Walter Wayne Barber, Petitioner-Appellee, filed this suit against Linda Sue Barber, Respondent-Appellant, alleging "no-fault" grounds for divorce. For convenience, the parties will sometimes be hereinafter referred to as "husband" and "wife." Wife answered husband's petition and sought and was granted a temporary restraining order against him. Thereafter, wife filed a cross-petition for divorce alleging adultery on the part of husband, and in the alternative, cruel treatment, and sought an unequal division of the community property in her favor, plus attorney's fees. Trial was had to the court without a jury, after which the trial court granted a divorce and made a division of the community property, from which judgment the wife appeals.

Wife appeals upon ten points of error, asserting the trial court abused its discretion in the following particulars: in proceeding to trial without a jury; in refusing to hear evidence of fault; in finding no evidence and insufficient evidence of adultery or cruelty; in decreeing the marriage dissolved in mid-trial; in trying the case piece-meal; in neglecting to consider the difference in earning power, age, health, and fault in breaking up the marriage, "as shown by an almost equal division of property"; and in "precluding consideration of attorney's fees." We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

Appellant and Appellee were married August 30, 1961. No child or children were born to their marriage. Mrs. Barber is 45 years of age, is nervous, diabetic, and has low blood pressure. She is a school teacher and expects to work until mandatory retirement at age seventy. Mr. Barber is 51 years old, is an engineer, has high blood pressure, and plans to continue working until retirement.

We revert to Appellant's first point, wherein she complains of the trial court's proceeding to trial without a jury. Suit was originally filed by husband on September 19, 1979; wife filed her original answer on September 27, 1979. The case was originally set for nonjury trial for February 19, 1980, but later was reset. Wife paid a jury fee on February 22, 1980, but by letter dated March 5, 1980, counsel for both parties were notified by the court that the cause had been reset for March 17, 1980, on the nonjury docket. On March 10, 1980, wife filed her cross-petition for divorce on grounds of adultery, and alternatively for cruel treatment, seeking also an unequal division of the community property in her favor.

When the case came to trial on March 17, 1980, counsel for Mrs. Barber mentioned to the court that a jury had been requested to determine fact issues in regard to the property, and then wife's counsel said to the court, "It's of course your option (whether we have a jury)." Whereupon the court decided that a jury was unnecessary, and proceeded to trial without a jury. The record does not reflect that Appellant made any objection or exception to the court's proceeding to trial without a jury. Clearly, in this state of the record, the Appellant

has waived her right to a jury trial. Appellant expressly gave the trial court the option to try the case without a jury, and the court opted to so try the case. Appellant's first point is overruled.

■ By her second point of error Appellant contends the trial court erred in refusing to hear evidence of fault. The evidence in regard to the grounds of adultery and cruel treatment came principally and almost entirely from Mrs. Sigrid Ursula Gore, the alleged paramour of Mr. Barber. Mrs. Gore testified that she met Mr. Barber in 1977 when she was working as a dancer and waitress in a lounge in Fort Worth. She thereafter worked in Mr. Barber's office in 1978 and had a "fairly friendly intimate relationship" with him, she said. She further testified that she and Mr. Barber dined together often; had one time made an overnight trip to New Braunfels; that Mr. Barber gives her about $100.00 per week for groceries and gasoline; that he had bought some furniture for her house; that he "visits" at her house, but that he does not live with her.

When evidence as to Mr. Barber's financial dealings with Mrs. Gore was sought to be introduced, Mr. Barber's attorney objected upon the ground that such evidence was immaterial. Thereupon, Mrs. Barber's attorney stated that there were two reasons why such evidence would be material: (1) "to consider possible fault in breaking up the marriage," and (2) "in regard to the property itself, whether any funds of the community have been spent for this purpose," to which the trial court responded, "Well, your first point has no merit no longer. The second one might, so go ahead, sir." After this, Appellant offered no other evidence of fault concerning Mr. Barber. This record simply does not show that Appellant was hampered or forbidden in any way to develop facts concerning fault on Mr. Barber's part. In other words, the trial court did not refuse to hear evidence of fault.

In *Murff v. Murff* (Tex.1981) 615 S.W.2d 696, our Supreme Court was reviewing a case in which a divorce had been granted on both no-fault and fault grounds. In referring to its earlier decision in *Young v. Young* (Tex.1980) 609 S.W.2d 758, the Supreme Court said, "We held there (in *Young*) that in a divorce granted on a fault basis, the trial court may consider the fault of one spouse in breaking up the marriage when making a property division—. As we said in *Young*, however, 'this does not mean that fault *must* be considered, only that it *may* be considered.' "

In the case at bar, it is our belief that the trial court did not refuse to hear evidence of fault, but instead that Appellant failed to meet her burden of proof on the fault issues alleged in her cross-petition. However, apart from this, under the holdings of our Supreme Court in *Murff* and *Young*, the trial court was not required to consider fault and would not have abused its discretion in failing to do so, especially since the divorce here was granted on no-fault grounds. Appellant's second point of error is overruled.

■ Under our view that the trial court was not required to consider fault in breaking up the marriage in making a property division, as hereinabove expressed, we overrule Appellant's third, fourth, and fifth points of error as being without merit.

By its sixth point of error, Appellant complains that the court abused its discretion in trying the case in a piece-meal manner, causing a loss of continuity in the development of the evidence.

Trial was commenced on March 17, 1980; the court recessed on that date and resumed trial on March 25, 1980. Upon recessing on March 25, the trial court advised counsel for both sides to call him about a time and date to complete the case. At this time also the court announced that it was dissolving the marriage and that "the matter on the property" would be "continued." No objection was made by Appellant at that time, and no objection or motion for mistrial appears in the record. The trial reconvened and was completed on August 5, 1980. The judgment reflects that the marriage was dissolved on August 5, 1980. The judgment

was signed on October 15, 1980. The first time Appellant made any objection to the trial court's continuance of the case was in Appellant's Motion for New Trial, filed on October 24, 1980.

■ The decision in such matters as the granting of continuances and recesses has long been held to lie within the sound discretion of the trial judge. *Hernandez v. Heldenfels* (Tex.1963) 374 S.W.2d 196; *Estes v. Republic National Bank of Dallas* (Tex.1970) 462 S.W.2d 273. The policy underlying our rules is that for most procedural errors to be considered on appeal, the complaining party must by timely objection give the trial judge a chance to correct his errors. *Lewis v. Texas Employers Ins. Assn.* (Tex.1952) 151 Tex. 95, 246 S.W.2d 599. The general rule, therefore, is that objections which are not timely made are waived. See *Champion Mobile Homes v. Rasmussen* (Tex.Civ.App.1977) 553 S.W.2d 237, NRE.

■ In the case at bar, we cannot say the trial court abused its discretion in continuing this trial as it did. Even so, Appellant has waived any objection to such action by failing to timely object thereto. Appellant's sixth point of error is overruled.

Next, Appellant complains that the trial court abused its discretion in "neglecting to consider difference in earning power, age, health, and fault in breaking up the marriage, as shown by almost equal division of property." As stated above, Mrs. Barber is 45 years of age, is nervous, diabetic, and has low blood pressure; however, at the time of trial she had not seen her doctor in over five months. She testified that she expects to work at her employment as a school teacher until mandatory retirement at age seventy. The evidence showed Mr. Barber to be 51 years old with high blood pressure. He is an engineer and plans to continue working until retirement.

In regard to the parties' comparative earning capacity, Mrs. Barber presently earns $18,800.00 per year and has a work expectancy of 25 years. At present wages she would earn approximately $470,000.00

during that time. Although Mr. Barber was currently earning more money than Mrs. Barber at the time of trial, the evidence showed that his was not a "lasting employment." At the time of trial, Mr. Barber was employed by B and M Associates at $16.00 per hour for approximately one month. The evidence showed that he earned $25,000.00 from his employment of about one year with Thunder Engines, which employment terminated on October 31, 1979. Prior to 1978 he worked a year with Bell Helicopter for $12.00 per hour. From 1975 to 1978, he worked for Global Graphics for an average of $12,000.00 per year. As stated, at the time of trial, he had been employed by B and M Associates for one month at $16.00 per hour. His work expectancy is from nine to 15 years. At his present wage (which is about $32,000.00 per year) and taking the 15 year possible work expectancy, he would earn approximately $480,000.00 over that period of time.

The trial court awarded the wife certain personal property having a value of $38,-476.22; whereas the court awarded the husband certain personal property having a value of $9,685.20. In other words, insofar as this personal property is concerned, the court awarded to her $28,791.02 more than to him. The remainder of the personal property was basically divided equally between the parties. Then, with reference to the real estate, the court appointed three disinterested persons as Commissioners to make an equal division in kind (value-wise) between the parties. According to the evidence, the community estate is worth approximately $583,000.00. The Appellant wife was awarded about $306,000.00 of this amount, while the Appellee husband was awarded about $277,000.00 of same. Additionally, each party was awarded items of personalty upon which there was no evidence of value. Basically, the wife here is contending that the division was *too equal* because of the equitable considerations of comparative health, age, earning capacity, and fault, all of which considerations Appellant contends are on her side.

The trial court has wide discretion in dividing the estate of the parties in a divorce action, which discretion will not be disturbed on appeal unless an abuse thereof is shown. *Hedtke v. Hedtke* (Tex.1923) 112 Tex. 404, 248 S.W. 21; *McKnight v. McKnight* (Tex.1976) 543 S.W.2d 863. In the case at bar, we cannot say that the trial court abused its discretion in its division of the property. In essence, each party's share was equal except that the wife received some $28,000.00 more personalty than the husband, as shown hereinabove. Moreover, as seen above, the wife's expected earnings between now and her retirement at her present pay rates are substantially the same as that of the husband between now and his retirement at his present pay rates.

We have carefully considered the remaining points and contentions made by Appellant, and have overruled same as being without merit.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.