Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00010-CV

_______________

 

SERGIO SILLERO, Appellant

 

V.

 

MARTHA YESENIA SILLERO, Appellee

_____________________________________________________________________

 

On Appeal from the 387th District Court

Fort Bend County, Texas

Trial Court Cause No. 02‑CV‑125355

_____________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

Appellant,
Sergio Sillero, appeals from a divorce decree dissolving his marriage to
appellee, Martha Yesenia Sillero.  In
three issues, Sergio contends the trial court abused its discretion when
dividing the marital estate and by refusing to award him custody of the couple=s oldest child.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








Division of the Marital Estate

In his
first two issues, Sergio challenges the trial court=s division of the marital
estate.  The trial court awarded Sergio
the following:  a home in Mexico; his
personal property; the retirement accounts, stocks, bonds, and life insurance
policies in his name; a checking account; one half of another checking account
in both Sergio=s and Martha=s names; one half of an IRA in both
Sergio=s and Martha=s names; a checking account belonging
to Sergio=s painting business; all assets of
the painting business; fifty percent of the gross receivables due the painting
business as of October 24, 2003, amounting to $5,200; and three vehicles.

The
trial court awarded Martha the following: the couple=s home in Houston; her personal
property; the retirement accounts, stocks, bonds, and life insurance policies
in her name; a checking account; the other half of the checking account in both
Sergio=s and Martha=s names; the other half of the IRA in
both Sergio=s and Martha=s names; fifty percent of the gross
receivables due the painting business as of October 24, 2003, amounting to
$5,200; and one vehicle.[1]

In a
divorce decree, the court shall order a division of the estate in a manner that
the court deems just and right, having due regard for the rights of each party
and any children of the marriage.  Tex. Fam. Code Ann. ' 7.001 (Vernon 1998).  The trial court is not required to evenly
divide the marital estate as long as a reasonable basis exists for making an
unequal division.  See Murff v. Murff,
615 S.W.2d 696, 698B99 (Tex. 1981); Zieba v. Martin, 928 S.W.2d 782, 790
(Tex. App.CHouston [14th Dist.] 1996, no writ).








We
review a trial court=s division of marital property for abuse of discretion.  Newberry v. Bohn-Newberry, 146 S.W.3d
233, 237 (Tex. App.CHouston [14th Dist.] 2004, no pet.); Evans v. Evans,
14 S.W.3d 343, 345B46 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  We determine (1) whether the trial court had
sufficient information upon which to exercise its discretion, and (2) whether
the trial court abused its discretion by causing the division of property to be
manifestly unjust or unfair.  Newberry,
146 S.W.3d at 237; Evans, 14 S.W.3d at 346.  The trial court does not abuse its discretion
when some evidence of a probative and substantive character supports the
division.  Newberry, 146 S.W.3d at
237.

The
Mexico Home

In his
first issue, Sergio contends the trial court abused it discretion by awarding
him the Mexico home because it is not the couple=s community property and the trial
court had no jurisdiction over real estate outside of Texas.[2]  We disagree.

According
to Sergio, the home was not the couple=s community property because he and his
brothers are building the home for his mother. 
However, the evidence indicates the community estate may have had, at
least, some interest in the home.  Sergio
testified that he has given his mother money to build the home.  In his brief, Sergio admits that he and his
brother have pooled their resources to build the home.  Therefore, there was evidence that Sergio
invested some of the couple=s community property in the home.








To the
extent the community estate had an interest in the Mexico home, the trial court
had the authority to adjudicate that interest as between Sergio and
Martha.  See Dankowski v. Dankowski,
922 S.W.2d 298, 303 (Tex. App.CFort Worth 1996, writ denied) (recognizing that although
trial court lacks jurisdiction to divest parties of their title to out-of-state
realty, trial court may make any in personam order it deems appropriate
to effectuate the division of the parties= community property situated in other
jurisdictions);  In re Read, 634
S.W.2d 343, 348B49 (Tex. App.CAmarillo 1982, writ dism=d) (stating that although trial court
lacks in rem jurisdiction over foreign realty, it may in the exercise of
its equitable powers, order one spouse to convey out-of-state property to the
other spouse).[3]

More
importantly, although Sergio makes a cursory argument to support his issue,
apparently his complaint is not that he was awarded the home, but that the
award of the home affected the trial court=s division of the rest of the marital
properly.  However, the trial court had
authority to consider the community estate=s interest in the Mexico home when
dividing the rest of the marital property. 
See In re Read, 634 S.W.2d at 348B49 (stating trial court can consider
the existence and value of foreign realty when dividing the parties= community property); Deger v.
Deger, 526 S.W.2d 272, 274 (Tex. Civ. App.CWaco 1975, no writ) (recognizing that
although trial court lacks jurisdiction over real estate outside Texas, trial
court may consider property beyond its jurisdiction when awarding property
within its jurisdiction).   Accordingly,
the trial court did not abuse its discretion in awarding the Mexico home to
Sergio.  We overrule Sergio=s first issue.

Division
of the Marital Property in General








            In
his second issue, Sergio challenges the division of the marital property in
general contending there is a Agrave disparity@ between his award and Martha=s award.  Again, he makes a cursory argument supporting
this complaint and does not explain how there is a Agrave disparity.@ 
He merely reiterates the terms of the decree and cites several cases to
support his argument.  However, it is not
readily apparent from the terms of the decree that the division was manifestly
unjust or unfair.  Sergio cites no
evidence to demonstrate that the division was manifestly unjust or unfair.[4]  We are not required to search the record for
evidence supporting Sergio=s complaint, and we refuse to do so.  See Tex.
R. App. P. 38.1(h) (requiring that Aargument@ portion of appellant=s brief contain Aa clear and concise argument for the
contentions made, with appropriate citations to authorities and the record.@); see also Madeksho v. Abraham,
Watkins, Nichols & Friend, 57 S.W.3d 448, 453 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).

Moreover,
the cases cited by Sergio are not applicable. 
He primarily relies on McKnight v. McKnight, in which the court
held that the trial court abused its discretion in dividing the marital
property because the husband, who was obligated to support five children, was
stripped of all cash and a portion of livestock in his ranching business and
was left a business to operate but no funds to operate it with.  535 S.W.2d 658, 659B62 (Tex. Civ. App.CEl Paso 1975), aff=d, in part, and rev=d, in part, 543 S.W.2d 863 (Tex. 1976).[5]  In contrast, here, Sergio was awarded his
painting business including its assets, checking account, and fifty percent of
its gross receivables.








In the
other cases cited by Sergio, the courts affirmed the trial court=s division of marital property, and,
therefore, these cases do not support Sergio=s argument.  See Williams v. Williams, 325 S.W.2d
682, 684 (Tex. 1959) (dismissing wife=s application for writ of error
contending trial court improperly considered her separate  property as community property because she
did not attack trial court=s conclusion that property division was just and that
conclusion supported the judgment); Weaks v. Weaks, 471 S.W.2d 454, 455B56 (Tex. App.CBeaumont 1971, writ dism=d) (holding trial court did not abuse
its discretion by dividing community property according to the spouses= agreement and ordering husband to
pay a cash sum to wife);  Mozisek v.
Mozisek, 365 S.W.2d 669, 669B70 
(Tex. App.CFort Worth 1963, writ dism=d) (holding trial court did not abuse
its discretion by awarding wife a money judgment in lieu of any portion of the
community property).  Accordingly, we
cannot conclude that the trial court abused its discretion in its general
division of the marital property.  We
overrule Sergio=s second issue.

Child Custody 

In the
divorce decree, the trial court appointed Sergio and Martha joint managing
conservators of their three children with Martha having the right to establish
the children=s primary residence.[6]  In his third issue, Sergio complains that the
trial court refused to award him Acustody@ of the couple=s oldest child.  Because Sergio was appointed a joint managing
conservator, the nature of his complaint is not exactly clear.  Apparently, his complaint is either that he
was not appointed sole managing conservator or that Martha was given the
right to establish the child=s primary residence.

As
Sergio asserts, the child executed a AChoice of Managing Conservator@ expressing his desire to live with
Sergio.  Under the version of the Family
Code applicable to this case, a child over age twelve was allowed to file his
preference as to which parent should be appointed managing conservator, subject
to the court=s approval.  Acts 2001, 77th Leg., R.S., ch. 1289, ' 1 (amended 2003) (current version at
Tex. Fam. Code Ann. ' 153.008 (Vernon Supp. 2004B05)).








Sergio
contends the trial court abused its discretion because it Aignored@ the child=s choice.[7]  However, a jury, not the trial court,
determined that Sergio and Martha should be appointed joint managing
conservators with Martha having the right to establish all the children=s primary residence.  A party is entitled to a jury trial, and the
trial court may not contravene the jury=s verdict, on appointment of joint
managing conservators and determination of which joint managing conservator
shall have the right to designate a child=s primary residence.  Tex.
Fam. Code Ann. '' 105.002(a),(c) (Vernon Supp. 2004B05). 
Consequently, despite the child=s choice, the trial court did not
abuse its discretion by enforcing the jury verdict and appointing Sergio and
Martha joint managing conservators with Martha having to the right to establish
the child=s primary residence.  See Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241B42  (Tex. 1985)
(recognizing a trial court abuses its discretion when it acts in an unreasonable
or arbitrary manner or Awithout reference to any guiding rules and principles.@).

Sergio
also asserts that the jury Aignored@ the child=s choice.  However,
Sergio does not cite to any portion of the record indicating the jury heard
evidence of the child=s choice.[8]  Regardless, a child=s preference is not binding and is
only evidence to be weighed along with other evidence in determining the
custody issue.  See Bennett v.
Northcutt, 544 S.W.2d 703, 708 (Tex. Civ. App.CDallas 1976, no writ); Brooks v.
Brooks, 480 S.W.2d 463, 465 (Tex. Civ. App.CEastland 1972, no writ).  Sergio does not challenge the sufficiency of
the evidence supporting the jury=s verdict.  Therefore, we will not consider what weight,
if any, the jury should have given to the child=s choice, assuming the jury heard
evidence regarding the child=s choice.  Accordingly,
we overrule Sergio=s third issue.

The
trial court=s decree is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed June 30, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.

 

 











[1]  The trial
court also awarded Martha a tort judgment of $5,000 plus interest pursuant to
the jury=s finding that Sergio assaulted her and spousal
maintenance of $500 per month for two years. 
Sergio does not appeal the assault judgment or the spousal maintenance
award.





[2]  Although
Sergio asserts the trial court committed Agross
error@ and abused its discretion in dividing the marital
estate, we will review his complaint using the correct abuse of discretion
standard.





[3]  Even if the
couple=s community estate had only a partial interest in the
home, Sergio has shown no harm in the trial court=s
awarding the entire home to him.  The
trial court did not divest Sergio=s mother
of title to the home.  The trial court
merely determined ownership of the home as between Sergio and Martha.  The effect of the court=s order is that if some or all of the home was community
property, only Sergio would have any interest after the divorce.





[4]  It is apparent
the trial court did not divide each asset equally because it awarded Martha the
couple=s home and awarded Sergio the painting business and
the Mexico home.  However, Sergio does
not cite any evidence to demonstrate the awards were unequal in value, much
less any evidence to demonstrate there was no reasonable basis for making an
unequal division.





[5] The Texas Supreme Court reversed McKnight, in
part, because the court of appeals improperly rendered specific awards of
property instead of remanding the case to the trial court after determining the
trial court had abused its discretion.   See
543 S.W.2d at 868.  The judgment of the
court of appeals was affirmed in all other respects.  See id.





[6]  The trial
court also ordered Sergio to pay child support.





[7]  Again,
although Sergio refers to the trial court=s Agross error,@ we will
review his complaint as an abuse of discretion argument.





[8]  Although the
child=s written choice was filed with the trial court, the
written choice was not admitted as evidence at trial, and the child did not
testify.