Ernst Andre WRIGHT, Appellant,

v.

Judy Kaye WRIGHT, Appellee.

No. 11–00–00129–CV.

Court of Appeals of Texas, Eastland.

July 19, 2001.

E. Hubbard Kennady, College Station, appellant.

Larry A. Catlin, Youngkin, Catlin, Bryan, Stacy & Dillard, Bryan, Tom Matlock, Kelly K. McKinnis, McAllen, Thomas G. Wayland, College Station, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

## Opinion

ARNOT, Justice.

This is an appeal from a divorce decree. After a bench trial, the trial court awarded Judy Kaye Wright community assets with a net value of $500,556.84, approximately 88 percent of the marital estate, and awarded Ernst Andre Wright assets with a net value of $65,977.56. The trial court also assessed a majority of the community debt against Judy. Ernst appeals. We affirm.

In the first five points of error, Ernst complains of the trial court's disproportionate division of the marital estate. In the first and second points, he contends that the division was manifestly unjust and unreasonable and that it constituted an extraordinarily excessive verdict in favor of Judy. In the third, fourth, and fifth points, Ernst contends that the "damages" found by the trial court were excessive, that the evidence was factually insufficient to support the trial court's findings, and that the judgment was against the overwhelming weight of the evidence.

In a divorce proceeding, a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001 (Vernon 1998). A trial court has broad discretion in making the division. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex.1981); *McKnight v.*

*McKnight,* 543 S.W.2d 863, 866 (Tex.1976). A division of the community estate need not be equal, and the trial court may weigh many factors in reaching its decision. *Murff v. Murff,* supra. The trial court may consider the fault of the parties if pleaded, the spouses' capacities and abilities, the benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial conditions and obligations, disparity in ages, the size of separate estates, and the nature of the property. *Twyman v. Twyman,* 855 S.W.2d 619, 625 (Tex.1993); *Murff v. Murff,* supra; *see also Young v. Young,* 609 S.W.2d 758, 761 (Tex.1980). We must presume that the trial court properly exercised its discretion, and we may not disturb the trial court's property division unless the trial court clearly abused its discretion. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987); *Murff v. Murff,* supra; *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). A court abuses its discretion when it acts without reference to any guiding rules or principles, in other words, when the act is arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

■ In this case, the record shows that Judy counter-petitioned for divorce on both no-fault and fault grounds. Judy asserted, and the trial court found, that Ernst had treated Judy cruelly and that he had committed adultery. The trial court also found that Ernst was in better health than Judy. These findings are supported by the record.

The record shows that the parties married at an early age and were married for 32 years. Ernst had undergraduate and graduate degrees, whereas Judy did not. At the time of trial, Ernst was in very good health, whereas Judy had had a pre-cancerous condition that was likely to re-cur in the future. Judy also had suffered from a painful neuroma in her foot and hypertension. Although Ernst and Judy had earned relatively equal incomes for several years prior to their divorce, Judy testified that Ernst had a greater future earning capacity and that she could not recommence her business.

The record supports the trial court's finding of adultery. At trial, Ernst admitted having an extramarital affair from 1992 to 1995. The record also indicates that Ernst had other affairs. When Ernst's and Judy's older son told Ernst his opinion that Ernst had admitted to the one affair only because he got caught and that, "We all know there's others," Ernst replied that he could "justify all the others." Ernst's and Judy's son also testified about a box of condoms that he had found in the trunk of Ernst's car back in the late 1980s when the son was in high school.

The record also contains evidence supporting the trial court's finding that Ernst mentally and physically abused Judy during their marriage. Judy testified that Ernst called her a "bitch" frequently, told her sex with the other woman was great, told her she was fat and ugly, left her alone in a hotel room on her 50th birthday while he went out, and frequently stayed out late. According to Judy, Ernst is an alcoholic who drinks in excess every day. Judy testified that most of the physical abuse consisted of shoving, holding, and restraining but that, on one occasion while Ernst was drunk, he slammed her into a door and fractured her skull and that, on another occasion, Ernst tried to shove her out of the car on the interstate.

Ernst testified that he had no physical altercations with Judy. Although he admitted treating Judy cruelly over the past 30 years, Ernst asserted that Judy was also guilty of cruel treatment. Ernst testified

that Judy was controlling and that she had a mean, hateful attitude toward him.

The trial court had the opportunity to observe the parties on the witness stand, determine their credibility, and evaluate their needs and potentials. See *Murff v. Murff*, supra at 700. We cannot say that the trial court acted without reference to any guiding rules or principles or that the trial court abused its discretion by disparately dividing the property in this case. The first, second, third, fourth, and fifth points of error are overruled.

■ In his final point, Ernst argues that the trial court made improper comments that resulted in an excessive award to Judy. After announcing in open court its findings and its ruling regarding the division of property, the trial court made the following statements:

> Both of the attorneys and both of the parties have asked questions about and testified about religious matters. I don't take any religious considerations in making these determinations, and I've made these determinations based on the law and the testimony.
>
> But, Ms. Wright, can I offer you a word of encouragement? ... This reminded me of you, in Isaiah, Chapter 54:
>
>> For your Maker is your husband. The Lord Almighty is his name. The Holy One of Israel is your Redeemer; he is called the God of all the earth. The Lord will call you back as if you were a wife deserted and distressed in spirit, a wife who married young, only to be rejected, says your God. For a brief moment I abandoned you, but with deep compassion, I will bring you back.

Ernst did not object to the trial court's comments at the time they were made. In his motion for new trial and on appeal, Ernst complains that the comments were improper and were not based on the law or the facts but, rather, were based on passion, prejudice, or improper motive. Ernst contends that the trial court abused its discretion by making such "incurable 'jury' arguments" and that the comments improperly constituted the basis for the trial court's disparate award of the marital estate and its "punishment" of Ernst. First, we note that Ernst did not object at the time of the trial court's comments. Second, there was no jury; therefore, there cannot be an incurable jury argument. Third, the trial court explicitly stated that it based its ruling on the law and the evidence in this case and that it did not consider any religious matters in making its decision. Based on the circumstances of this case, we cannot say that the trial court abused its discretion in offering its "word[s] of encouragement" to Judy. The sixth point of error is overruled.

The judgment of the trial court is affirmed.