# IN THE SUPREME COURT OF TEXAS

══════════

No. 16-0328

══════════

AMANDA BRADSHAW, PETITIONER,

v.

BARNEY SAMUEL BRADSHAW, RESPONDENT

══════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS

══════════════════════════════════

JUSTICE LEHRMANN, dissenting.

While I join JUSTICE BOYD'S dissenting opinion in full, I write separately to reiterate that our precedent does not impose any specific limits on the size or percentage of a community property award. Perhaps trial courts and family-law practitioners will find this reminder helpful in the absence of a binding majority opinion in this case.

We warned, in *Young v. Young*, that a community property division should not punish a spouse for his or her fault in a divorce. 609 S.W.2d 758, 762 (Tex. 1980). But that does not foreclose the possibility that a highly unequal division can be "just and right." Rather, *Young* simply forecloses the trial court from considering retribution or punition in determining what is just and right. Our law recognizes numerous other, valid factors that might, in extraordinary cases

such as this one, support an award of eighty percent or more to a single spouse.[1]  Such disparity does not de facto or presumptively constitute punishment, though it may fairly raise suspicions; it is permissible to the extent supported by valid legal considerations.  As the concurrence recognizes, a division like the one in this case is a rarity, *ante* at ___, and I believe correctly so.[2]

However, the occasional affirmance of more unequal divisions than the one at issue here does not allow the inference that the trial court erred by failing to award Amanda more than eighty percent of the house.  The Family Code entrusts the trial court with broad discretion in dividing marital property, and I cannot say the trial court's eighty-percent award was an abuse of discretion.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 29, 2018

---

[1] Those factors include, among others, the parties' income, earning capacity, and financial needs.  *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

[2] The concurrence musters two cases in which a court of appeals affirmed an award of more than eighty percent to one spouse.  *Ante* at ___ (first citing *Ohendalski v. Ohendalski*, 203 S.W.3d 910, 912 (Tex. App.—Beaumont 2006, no pet.); then citing *Wright v. Wright*, 65 S.W.3d 715, 716 (Tex. App.—Eastland 2001, no pet.)).