Opinion filed January 22, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00210-CV

_____

**ALEXIS PUJOLS, Appellant**

**V.**

**ANGELITA MEDINA RIVAS, Appellee**

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-24-01-0072-FM**

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from the trial court's final divorce decree that dissolved the marriage of Appellee, Angelita Medina Rivas, and Appellant, Alexis Pujols, and divided their marital estate. Because Pujols did not appear at or participate in the final hearing, nor did anyone with the proper standing to appear in his stead or participate on his behalf, the trial court signed a default judgment in

favor of Rivas. As he did in the trial court, Pujols is proceeding on appeal without the assistance of counsel.[1]

Pujols raises three issues on appeal: (1) the trial court abused its discretion because it did not divide the marital estate in a "just and right" manner; (2) he was denied due process because the trial court failed to (a) notify him of court proceedings and (b) provide an interpreter to assist him; and (3) the trial court abused its discretion in failing to "reconsider[]" its decision on property division based on "newly discovered evidence." We affirm.

## I. *Factual Background*

Pujols and Rivas were married on or about March 3, 2015; they ceased living together on or about September 20, 2019. No children were conceived or adopted during their marriage. On January 19, 2024, Rivas filed her original petition for divorce based on insupportability. *See* TEX. FAM. CODE ANN. § 6.001 (West 2020). That same day, citation was issued for Pujols to be served in a penal institution in Oakdale, Louisiana, where he was incarcerated at the time. Pujols does not challenge the way he was served with Rivas's suit.

An individual identifying herself as "Pujols's mother" sent a letter dated April 1 to the trial court clerk alleging that: (1) she was granted power of attorney for Pujols; (2) Pujols was incarcerated in Oakdale, Louisiana; (3) Pujols could only read, write, and speak Spanish; (4) Pujols required "papers" from the trial court in Spanish; and (5) Pujols could not afford to hire an attorney to represent his interests. Additionally, Pujols contends that his "mother" sent a separate letter to Rivas's trial counsel on November 4, 2023, in which she claimed to have answered the "first

---

[1]We liberally construe briefs and other filings that are submitted by pro se parties; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure and evidence. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

petition" in this case; however, the record does not show that Pujols filed an answer to Rivas's original divorce petition, nor does the record contain the letter that Pujols's mother purportedly sent to Rivas's trial counsel.

Citation was served on Pujols by a sheriff in Louisiana on April 18, 2024. The citation included the following standard language: "If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." The trial court clerk received a second letter dated April 25 from Pujols's mother which, again, alleged that Pujols was indigent and requested that the "paperwork [provided to him] be in Spanish." On May 30, Rivas filed a motion to appoint an interpreter which the trial court granted the following day.

On June 3, 2024, the trial court held a final hearing, and the trial court signed its final decree of divorce that same day. Neither Pujols, nor anyone who was legally entitled to appear on his behalf, appeared or participated. In its final decree, the trial court stated that: (1) Pujols was properly cited; (2) Rivas and her trial counsel were present and announced ready; and (3) Pujols was not present at the hearing and defaulted. In its final decree, the trial court awarded Rivas, among other things, the following as her sole and separate property: a mobile home located in Odessa, real property situated in Odessa, a 2007 Toyota Camry, all cash within her possession or control, and all sums incurred by Rivas that were related to any benefit plan from her employment. Pujols was awarded all cash in his possession or control, and all sums incurred by him from any benefit plan related to his employment.

A copy of the signed final decree was mailed to Pujols on June 4, 2024, and he acknowledged receiving it on June 13. The record shows that Pujols did not file any postjudgment motions or requests for findings of fact and conclusions of law.

3

On July 29, fifty-five days after the trial court signed its final divorce decree, Pujols filed his notice of appeal with the district clerk.

## II. *Standard of Review*

Because this is a restricted appeal, to prevail Pujols must establish each of the following: (1) he filed his notice of the restricted appeal within six months after the trial court's final judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment of which he complains, and he did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014)); *see also* TEX. R. APP. P. 26.1(c), 30. The first three restricted-appeal requirements are jurisdictional. *E.H.*, 602 S.W.3d at 496–97. The fourth requirement focuses on the merits of the grounds for appeal as asserted by Pujols. *Id.* at 497 ("An appellant who satisfies the first three requirements establishes the [trial] court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal."); *see also Shamrock Enterprises, LLC v. Top Notch Movers*, No. 24-0581, 2026 WL 119685, at *2 (Tex. Jan. 16, 2026).

Our review of a restricted appeal is limited to the "face of the record"; we may not consider extrinsic evidence. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). The "face of the record" consists of the evidence before the trial court when it signed its judgment. *Id.* In reviewing the "face of the record," we may not draw any inferences or make any presumptions. *Id.* at 849. The record on appeal in this case consists solely of the clerk's record. Because it is undisputed that the three jurisdictional requirements in which to pursue a restricted appeal have been satisfied, we need only address the fourth requirement—whether error is apparent on the face of the record.

Generally, no evidence is required to support a default judgment because a defendant's failure to appear or answer is taken as admission of the factual allegations in a plaintiff's operative pleading. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). However, the scope of this rule is limited in a divorce proceeding by Section 6.701 of the Family Code, which provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." FAM. § 6.701. Thus, in a divorce case, even if the respondent fails to answer or appear, the petitioner must adduce sufficient proof to support the material allegations in his or her operative pleading. *Ratisseau v. Ratisseau*, 44 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd by agr.). Therefore, a default judgment rendered in a divorce proceeding is subject to an evidentiary attack on appeal. *Watson v. Watson,* 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.) (citing *Roa v. Roa*, 970 S.W.2d 163, 165 n. 2 (Tex. App.—Fort Worth 1998, no pet.)); *see Norman Comms. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (holding that an appellate court's review of any restricted appeal may include review of the legal and factual sufficiency of the evidence).

The trial court in a divorce suit "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party." FAM. § 7.001. It is well-settled that the trial court has broad discretion in its division of a marital estate. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex. 1976). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)); *Murff,* 615 S.W.2d at 698–99. The trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In family law cases, the abuse-of-discretion standard overlaps with the traditional sufficiency-of-the-evidence standards of review. *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied). Because of this, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion. *Id.*

Under the first prong, legal and factual sufficiency challenges are not independent, reversible points of error; rather, they are relevant factors to consider in assessing whether the trial court abused its discretion. *Nelson v. Nelson*, 193 S.W.3d 624, 628 (Tex. App.—Eastland 2006, no pet.) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)). Each party in a divorce proceeding has the responsibility to produce evidence of the values of the disputed properties to provide the trial court with a basis upon which to make a "just and right" division of the marital estate. *See Reyes v. Reyes*, 458 S.W.3d 613, 620 (Tex. App.—El Paso 2014, no pet.); *see also* FAM. § 7.001. The trial court has no independent knowledge of the items that comprise the marital estate nor their worth; therefore, to reach a just and right division of the marital estate, it is incumbent on the litigants to provide the trial court with the necessary evidence of value. *In re Marriage of Palacios*, 358 S.W.3d 662, 663 (Tex. App.—Amarillo 2009, pet. denied).

Under the second prong, the division of the martial estate will only be disturbed if the trial court ordered a division that is manifestly unfair and unjust. *See Murff*, 615 S.W.2d at 698. Several factors are relevant to the determination of a "just and right" division, including the parties' (1) disparity in earning capacity or level of income, (2) capacities and abilities, (3) relative needs and financial condition, (4) relative fault in causing the dissolution of the marriage, and the benefits the party without fault would have received had the marriage continued, (5) future business

prospects, (6) disparity in age, (7) separate estates, (8) level of education, and (9) the nature of the property and other assets to be divided. *Id.* at 698–99. Thus, if the evidence demonstrates a reasonable need to do so, the trial court may order a disproportionate division of the marital estate. *Id.*

As with all challenges of this nature, it was Pujols's burden to show that the trial court's division of the marital estate was so disproportionate as to be manifestly unjust and unfair. *In re Marriage of Rangel & Tovias-Rangel*, 580 S.W.3d 675, 682 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

### III. *Analysis*

Because they are interrelated, we begin our analysis by discussing Pujols's first and third issues together. In these issues, Pujols contends that the trial court erred in its division of the parties' marital estate because it failed to (1) divide their estate in a "just and right" manner, and (2) consider "new[]" evidence of "concealed assets" (i.e., a mobile home).

#### A. *Division of the Marital Estate*

In the absence of a reporter's record, we must assume that the evidence supports the trial court's judgment and findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Givens v. Givens,* 616 S.W.2d 450, 451 (Tex. App.—Houston [14th Dist.] 1981, no writ) ("Appellant is unable to show that the absence of a record in this case is not the result of her own negligence or lack of due diligence."); *G.P. v. A.P.*, No. 02-19-00246-CV, 2020 WL 938179, at *3 (Tex. App.—Fort Worth Feb. 27, 2020, pet. denied) (mem. op.) (applying this presumption in a restricted appeal without the benefit of a reporter's record). Here, this presumption compels us to conclude that the evidence supports the trial court's findings and judgment.

In this regard, the trial court's disproportionate division of the marital estate in favor of Rivas, as recited in its final decree, on its face is not alone enough to

7

show error on the face of the record. *See Houghtaling v. Houghtaling*, No. 01-13-00547-CV, 2014 WL 3928592, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 12, 2014, no pet.) (mem. op.) (citing *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) ("Because silence is inadequate to show error on the face of the record, we will not presume that whatever evidence was presented at the hearing was insufficient to support the trial court's division of property.")). And contrary to Pujols's assertion, the trial court's final decree recites that it did consider the mobile home (which was awarded to Rivas) in its division of the martial estate, an asset that Pujols claims was "concealed." *See Salsman v. Salsman*, No. 09-23-00379-CV, 2025 WL 3482859, at \*10 (Tex. App.—Beaumont Dec. 4, 2025, no pet. h.) (mem. op.) (noting that for purposes of the trial court's division of the marital estate "there is no set threshold of percentages [that is] allowed or disallowed under either the Texas Family Code or under our jurisprudence."); *see also Wright v. Wright*, 65 S.W.3d 715, 716 (Tex. App.—Eastland 2001, no pet.) (affirming an award of eighty-eight percent of the marital estate to the wife); *Simons v. Simons*, No. 11-21-00066-CV, 2023 WL 2415209, at \*6–8 (Tex. App.—Eastland Mar. 9, 2023, no pet.) (mem. op.) (affirming the trial court's award of one hundred percent of the marital estate to the wife).

Because the record before us consists solely of the clerk's record, which includes the trial court's final decree and findings, and because there is no error that is apparent on the face of the record concerning the trial court's division of the marital estate, we overrule Pujols's first and third issues.

B. *Notice of Proceedings*

In his second issue, Pujols complains that he was denied due process because the trial court failed to (1) notify him of scheduled court proceedings, and (2) provide an interpreter to assist him during such proceedings.

The historical trend in Texas disfavors rendering default judgments against parties and instead prefers adjudicating cases on the merits. *See Tabakman v. Tabakman*, No. 24-0919, 2025 WL 3492090, at *2 (Tex. Dec. 5, 2025) (per curiam) (citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 921, 925 (Tex. 2024)). Because of this, when a party is defaulted, concerns arise as to the general fairness of the trial court's judgment, and "*any* doubts about a default judgment—not just doubts about service—'must be resolved against the party who secured the default.'" *Id.* (quoting *Lakeside Resort*, 689 S.W.3d at 922). Further, notice is a fundamental requirement of due process, and such notice, if a party is entitled to receive it, must afford all parties to the pending suit a meaningful opportunity to be heard. *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 188–89 (Tex. 2022); *Barrientos*, 675 S.W.3d at 405. As such, the failure to comply with the rules of civil procedure that govern notice, issuance, service, and return of citation constitutes error on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied) (citing *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.)).

We do not presume that citation was validly issued, served, or returned when reviewing the propriety of a default judgment in a restricted appeal. *Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020) (per curiam); *Fidelity and Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam) (citing *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)); *Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 426 (Tex. App.—Eastland 2021, no pet.). Strict compliance with the rules of citation and service are required for a default judgment to withstand a restricted appeal challenge. *Spanton*, 612 S.W.3d at 316 (citing *Primate Constr.*, 884 S.W.2d at 152); *Pirate Oilfield*, 631 S.W.3d at 426. Valid service is "a vital component of a valid

judgment," and invalid service cannot establish the trial court's personal jurisdiction over a party. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)).

Here, the record shows that Pujols was properly served with valid citation on April 18, 2024, by a law enforcement officer while Pujols was incarcerated in Louisiana. No answer was filed by him or by anyone who had the legal capacity to represent his interests in this suit. After the time for Pujols to file a timely answer had passed, Rivas was entitled to seek a default judgment against Pujols at any time and without providing notice to him of her intention to do so. *See* TEX. R. CIV. P. 107(h), 239; *Matter of Marriage of Grigsby*, 721 S.W.3d 109, 115–16 n.5 (Tex. App.—Corpus Christi–Edinburg 2025, no pet.). The trial court noted in its final divorce decree that it heard the case on June 3, 2024, and found that Pujols (1) was properly served with Rivas's divorce petition but (2) "did not appear and wholly made default." Furthermore, because Pujols failed to timely answer Rivas's petition and was in default, he was not entitled to be notified of the default hearing or to the appointment of counsel for an indigent civil litigant. *See Grigsby*, 721 S.W.3d at 115–16 n.5; *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Haller v. Clavo Oil, LLC*, No. 11-11-00230-CV, 2013 WL 4459036, at *1 (Tex. App.—Eastland Aug. 15, 2013, pet. denied) (mem. op.); *Zinger v. Lacey*, No. 03-97-00812-CV, 1999 WL 143848, at *2 (Tex. App.—Austin March 18, 1999, pet. denied) (not designated for publication).

C.  *Appointment of an Interpreter*

Similarly, the trial court was not required to sua sponte appoint an interpreter to assist Pujols or inquire about his personal appearance in the absence of any filing by him. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003) (noting that the trial court has no duty to independently inquire into the necessity of an inmate's personal

10

appearance in a civil suit); *Cheng v. Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.) (the trial court does not have a duty to sua sponte appoint an interpreter in a civil case when no motion requesting one is filed); *Salmeron v. Dell, Inc.*, No. 01-19-00922-CV, 2021 WL 1679545, at *3 (Tex. App.—Houston [1st Dist.] Apr. 29, 2021, no pet.) (mem. op.) (same); *see also Castro v. Ayala*, 511 S.W.3d 42, 47 (Tex. App.—El Paso 2014, no pet.) (holding that "litigants in a civil proceeding are not entitled to an interpreter unless the case involves an issue with a constitutional dimension, such as [the] termination of parental rights"). Nevertheless, his complaint is of no consequence because, pursuant to Rivas's request, the trial court appointed an interpreter to assist the parties during proceedings associated with this case.

Pujols has advanced nothing more than unsupported assertions, which barely survive scrutiny under Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(i).[2] Based on the record before us, we conclude that there is no apparent error on the face of the record regarding Pujols's due process complaint. The only evidence before us shows that Pujols was properly cited, and that a default judgment could be taken against him—and in fact was—if he failed to timely answer Rivas's suit or otherwise appear. *See Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986, no writ) (upholding a default judgment where citation was personally served upon a defendant by someone whom the defendant understood to be a constable). Thus, the trial court did not abuse its discretion when it proceeded to a final hearing, defaulted Pujols, and signed its final decree of divorce. *See id.*; *see also Bryant*, 972 S.W.2d at 31; *G.P.*, 2020 WL 938179, at *3.

Accordingly, we overrule Pujols's second issue.

---

[2]Although not subject to the same Rule 38.1(i) scrutiny, Rivas's brief—the substantive content of which only spans a mere four pages—and the arguments put forth in it are scant and devoid of any supporting case authority.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


January 22, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.